THOMAS DONOVAN, by Guardian, etc., Appellant, v. WILLIAM H. McALPIN et al., Respondents.

One acting gratuitously as a public officer is not liable personally for the negligence of a person necessarily employed in the execution of an order properly given by him; the doctrine of *respondeat superior* does not apply.

Where, therefore, plaintiff was injured by falling into an excavation negligently left open by workmen engaged in repairing a school building in the city of New York, who were employed by the ward trustees, *held*, that neither the superintendent of school buildings nor the ward trustees were personally liable in the absence of evidence of any personal negligence on their part, or of knowledge that the workmen had left the excavation open.

(Argued March 14, 1881; decided April 19, 1881.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, in favor of defendants, entered upon an order made April 5, 1880, which overruled exceptions, denied a motion for a new trial, and directed judgment upon an order dismissing plaintiff's complaint on trial.

This action was brought against the superintendent of school buildings in the city of New York and the ward trustees, to recover damages for injuries sustained by plaintiff from falling into an opening leading to the cellar of a school building in said city, the grating to which had been negligently left open by workmen employed by defendants, the ward trustees, in repairing the building.

Further facts appear in the opinion.

*Edward P. Wilder* for appellant. Every employer is responsible for injuries arising from the negligence of his servants and agents in the scope of their employment. (*Bassett* v. *Fish*, 75 N. Y. 303; Laws of 1864, chap. 555, p. 272; *Hover* v. *Barkhoof*, 44 N. Y. 113; *Shepherd* v. *Lincoln*, 17 Wend. 250; Laws of 1873, chap. 112, § 6.) Personal knowledge of the dangerous opening or actual personal participation in the negligence of their employes is not necessary to make their

employers liable. (*McCarthy* v. *City of Syracuse*, 46 N. Y. 194; *Mersey Docks Trustees* v. *Gibbs*, 3 Hurlst. & Colt. 1043 ; 75 N. Y. 310.) The defendants were charged by law, and also by the by-laws of the board of education, with the safe-keeping of the premises in question, and with the duty of supervising the repairs there in progress. (Chap. 386 of 1851, § 10, subd. 2, as amended by act of 1864; Manual of Board of Education for 1874, p. 27 ; By-laws of Board of Education, §§ 52–60, 105, 114 of same Manual; By-laws, § 6, p. 79 of Manual; § 29, pp. 95–97.) Defendants are likewise liable, as individuals engaged in a joint undertaking or under the duty to exercise carefully a joint power confided to them as such, as public officers, such as trustees of the original school districts of this State, or such as commissioners of highways. (*Bassett* v. *Fish*, 75 N. Y. 311.)

*D. J. Dean* for respondents. There is no personal liability imposed by law upon individuals who hold the office of school trustee of a ward in the city of New York, for the negligent acts of persons necessarily employed by the board of which they are members, in repairing a school building in that ward, in which negligent acts the said individuals had no personal participation or of which they had no personal knowledge. (Sub. 5, § 10, chap. 386, Laws of 1851 ; Laws of 1873, chap. 112, § 12 ; Laws of 1864, chap. 112, § 12 ; Laws of 1871, chap. 387, sub. 7, § 10.) A liability for the negligent act or omission of the workmen employed in repairing the building can only be asserted and enforced against the individual who had the power to select, employ and discharge them. (*Maximilian* v. *Mayor*, 68 N. Y. 162 ; *People ex rel. Campbell* v. *Campbell*, Ct. of App., act 1880 ; *Walcott* v. *Swampscott*, 1 Allen, 101 ; *White* v. *Philipston*, 10 Metc. 108 ; *Hafford* v. *New Bedford*, 16 Gray, 297 ; *Griggs* v. *Foote*, 4 Allen, 195, 197 ; *Buttrick* v. *Lowell*, 1 id. 172 ; *Kimball* v. *Boston*, id. 417 ; *Child* v. *Boston*, 4 id. 41, 52 ; *Morrison* v. *Lawrence*, 98 Mass. 219 ; *Russell* v. *The Mayor*, 2 Den. 481 ; *Fisher* v. *Boston*, 104 Mass. 87; *Barney* v. *Lowell*, 98 id. 570 ; *N. Y. & Brooklyn Saw Mill Co.* v. *Brooklyn*, 71 N.

Y. 580.) Defendants are placed under the protection of the rule that public officers are not held personally liable for the malfeasances, or misfeasances of their employes or agents. (*Hull* v. *Smith,* 2 Bing. 156; *Harris* v. *Baker,* 4 Maule & Sel. 26; *Findlater* v. *Duncan,* 6 Cl. & Fin. 903; *New Clyde Shipping Co.* v. *Clyde, Trustee,* Hay, 79; 14 Jur. 586; *Bartlett* v. *Crozier,* 17 Johns. 438; *Hoover* v. *Barkhoof,* 44 N. Y. 199; Story on Agency, § 321.) The maxim "*respondeat superior*" has no application to public officers executing a public duty without compensation, who derive no benefit from the acts of the negligent agent. (Shearman and Redfield on Negligence, §§ 177, 180.) In such case the remedy of the injured party is against the immediate wrong-doer only. (*Jones* v. *Bird,* 5 B. & Ald. 837; *Nicholson* v. *Mounsey,* 15 East, 384; *Maximilian* v. *Mayor,* 62 N. Y. 68.)

ANDREWS, J. This action is brought to recover for the same injury for which the action was brought by the plaintiff against the Board of Education of the city of New York, just decided. The defendant Stagg was superintendent of school buildings, under the appointment of the board, and the other defendants were ward trustees of schools, in the ward where the school premises were located, in which the excavation was, into which the plaintiff fell.

The alleged negligence was the leaving of this excavation uncovered and unprotected. The general facts, and the provisions of the statutes defining the powers and duties of the board of education, and of the ward trustees, in respect to the care and custody of school buildings and premises, are stated in the opinion in the former case.

The defendant Stagg was appointed superintendent of school buildings, pursuant to subdivision two of section two, chapter 101 of the Laws of 1854, which authorizes the board of education to appoint a superintendent of school buildings, and to regulate and determine his powers and duties, except as otherwise provided by the act. By the rules of the board it was made his duty to examine all buildings under the control of the

board, in reference to their safety and general condition as to repairs, and to superintend all work done in connection therewith. It was not claimed on the trial that there was any personal negligence on the part of any of the defendants, or that they had any knowledge that the workmen who were engaged in repairing the building, had removed the grating which covered the excavation; but it was assumed by both parties that there was no personal negligence on the part of the defendants, and that the actual negligence was that of the workmen, employed by the ward trustees, to make the repairs.

Upon this state of facts we think the complaint was properly dismissed. The trustees, in directing the repairs to be made, and in employing workmen for that purpose, were acting within the scope of their authority. They were charged with the safe-keeping of the school property in their ward, and authorized to make needful repairs within certain limits. The employment of workmen for this purpose, was necessary, and if they employed competent men, and exercised reasonable supervision over the work, their whole duty as public officers was discharged. They were acting as gratuitous agents of the public, and it could not be expected that they should be personally present at all times during the progress of the work, to supervise the conduct of the workmen. It was said by BEST, C. J., in *Hall* v. *Smith* (2 Bing. 156), that no action can be maintained against a man acting gratuitously for the public, for the consequences of any act which he was authorized to do, and which, so far as he is concerned, is done with care and attention, and that such a person is not answerable for the negligent execution of an order properly given; and it was said by NELSON, C. J., in *Bailey* v. *The Mayor* (3 Hill, 538), that if a public officer, authorize the doing of an act not within the scope of his authority, or if he be guilty of negligence in the discharge of duties to be performed by himself, he will be held responsible; but not for the misconduct or malfeasance of such persons as he is obliged to employ.

In this case it must be assumed, that the defendants were not chargeable with personal negligence, and they omitted no

duty imposed upon them by law. It would be equally opposed to justice, and sound public policy, to make them answerable for the negligence of the workmen. They were acting as public officers, and in respect to the acts of persons necessarily employed by them, the doctrine of *respondeat superior* has no application. (Story on Agency, § 321.)

The judgment should be affirmed.

All concur.

Judgment affirmed.