Alfred Wahrman, an Infant, by Adolphus Rathmiller, His Guardian ad Litem, Respondent, v. The Board of Education of the City of New York, Appellant.

Negligence — New York (City of) — Liability of Board of Education for Injuries Caused by Falling of Ceiling in Schoolroom.
While the power to repair and keep in condition the public school buildings in the city of New York is not given by the charter to the board of education, so that the board is not liable under the doctrine of *respondeat superior* for the negligence of those having in charge the care and repair of such buildings, the board is vested with the management and control of the public schools, including the sole power to close them, so that if there is any negligence with reference to such closing it must be that of the board; and where, in an action brought against the board by a pupil of a public school for injuries received from the falling of the ceiling while occupying a seat assigned to him in a schoolroom, there is evidence that the schoolhouse and ceiling were out of repair; that the ceiling had been examined from time to time by inspectors appointed by the board who had noticed that the ceiling was cracked and liable to fall and had reported such fact to the board, it is liable to the plaintiff for its negligence in allowing the school building to be occupied by pupils after it had knowledge of the unsafe condition of the building and ceiling.

*Wahrman* v. *City of New York*, 111 App. Div. 345, affirmed.

(Argued January 23, 1907; decided February 19, 1907.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 14, 1906, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William B. Ellison, Corporation Counsel (James D. Bell of counsel),* for appellant.     No person or corporate body representing the state in carrying out its will in regard to the public school system can, in actions of tort, be held liable for anything beyond his or its personal acts of nonfeasance or misfeasance as the doctrine of *respondeat superior* does not apply.     (*Ham* v. *Mayor, etc.,* 70 N. Y. 459; *Donovan* v. *Bd. of Education,* 85 N. Y. 117; *Reynolds* v. *Bd. of Education,* 33 App. Div. 88; *Rhall* v. *Board of Education,* 40 App. Div. 112; *Maxmilian* v. *Mayor, etc.,* 62 N. Y. 160; *Turner* v. *Kowenhoven,* 100 N. Y. 115; *Tingue* v. *Vil. of Port Chester,* 101 N. Y. 294; *Cahill* v. *Hilton,* 106 N. Y. 512; *Wood* v. *Terry,* 4 Lans. 80; *Ensign* v. *McKinney,* 30 Hun, 249.)     The doctrine as to nuisance does not apply to the case at bar, and if it did the defendant would not be liable.     (*Lefrois* v. *County of Monroe,* 162 N. Y. 563.)     On the facts there was no evidence to be submitted to the jury of the defendant's negligence, as there was no notice, expressed or implied, of a dangerous defect in the ceiling whose fall caused the injury to the plaintiff.     (*Hamilton* v. *City of Buffalo,* 173 N. Y. 72; *Morgan* v. *Vil. of Penn Yan,* 42 App. Div. 582; *Matthews* v. *City of New York,* 78 App. Div. 422.)

*Edmund F. Driggs* for respondent.     The complaint set up and the testimony proved a cause of action against the corporation individually for both negligently exposing plaintiff to harm and actively maintaining a nuisance to his injury.     (*Gunnison* v. *Bd. of Education,* 176 N. Y. 11; *Bolton* v. *Vil. of New Rochelle,* 84 N. Y. 281; *Simmons* v. *Everson,* 124 N. Y. 319; *Morris* v. *Barrisford,* 9 Misc. Rep. 14.)

HAIGHT, J.     This action was brought to recover damages for a personal injury.     The plaintiff was a pupil, twelve years of age, attending Public School No. 100 in West Third street, Coney Island, in the city of New York.     On the 27th day of May, 1904, while occupying a seat assigned to him in the schoolroom, the ceiling of the room broke and fell upon the top of his head fracturing his skull and causing the injury for

which this action was brought. Upon the trial there was evidence given tending to show that the schoolhouse and the ceiling were out of repair; that it had been examined by inspectors appointed by the defendant from time to time, who had observed the condition of the building and that the ceiling was cracked and liable to fall, and that the result of such inspection had been reported to the defendant.

At the close of the plaintiff's case and again at the close of the evidence the defendant's counsel moved to dismiss the complaint upon the ground that the plaintiff had not shown at the time nor for several months before the accident, that there was any condition of the school building that constituted negligence of the board of education or of any of its subordinates or gave them any notice or idea that it was dangerous to have school there; that the board of education is not responsible for any of the acts of its subordinates and that the doctrine of *respondeat superior* does not apply to defendant in this case and that there is no evidence to connect the board of education with any obligation to do anything to this building to put it in condition; and also that in no case of this kind is the board of education responsible for the tortious acts of any of its officers or agents. The motions were denied and exceptions were taken.

The case was submitted to the jury upon the charge that if the jury find " that the Board of Education was guilty of negligence in permitting the occupation of this room by the pupils of this school on the 27th day of May, 1904, by reason of the condition of the ceiling and what they knew or ought to have known as to its condition then the plaintiff is entitled to recover. The negligence which is the basis of the right to recover, if any, is the negligence in permitting it to be occupied for the purposes of a school room." No exception was taken to this charge. It, therefore, must be treated as the law of the case. It consequently follows that the only question presented for review arises under the defendant's motions for a dismissal of the complaint. It is quite true that the doctrine of *respondeat superior* does not apply to

the board of education and that it is not responsible for any of the acts of its subordinates.

In the case of *Ham* v. *Mayor, etc. of N. Y.* (70 N. Y. 459), it was held that the department of public instruction in the city of New York, although formally constituting a part of the city government, is charged with the performance of duties relating and belonging to the administrative branch of the state government, and, consequently, that the city was not liable for the negligence or unskilfulness of its subordinates and servants in the discharge of their duties.

In *Donovan* v. *Board of Education of the City of New York* (85 N. Y. 117) it was held that while the board of education was vested with the general control and care of the school buildings and property for the purposes of public education, the care and safekeeping of such buildings were committed to ward trustees and that the board was not liable for their neglect of duty. And then again, in *Donovan* v. *McAlpin* (85 N. Y. 185), it was held that the ward trustee was not liable for the negligent acts of a servant in negligently leaving an excavation in the yard of a school building open, into which the plaintiff fell and was injured, and this, upon the ground that the trustee was a public officer discharging his duties as such and was not liable for the acts of servants employed by him and that the doctrine of *respondeat superior* had no application to the case.

In the case of *Bassett* v. *Fish* (75 N. Y. 303) the action was to recover damages for injuries sustained by a teacher in stepping through a hole in the floor of a schoolroom. The action was brought against the trustees, naming them, composing the board of " Gowanda Union Free School District No. One," which was a corporation. It was held that the trustees were not liable for their acts as such, for the reason that the making of them an incorporated body and giving them corporate powers rendered the liability corporate and gave personal exemption to the individual trustee. FOLGER, J., in delivering the opinion of the court, said where " the duty is put upon an incorporated body by the statute

creating it, instead of upon the individuals acting as public officers, to take reasonable care that premises are in a fit state for use, those injured by the neglect of that body may have an action against it and be indemnified out of the funds vested in it by the statute, or which it is empowered thereby to raise." It was, consequently, held that where the corporation was negligent it was liable and not the individual trustees, in so far as their negligence consisted of their acts as such trustees, but in case one or more of the trustees had individually undertaken to take charge of or keep a schoolroom in repair then he might become personally liable, not as trustee, but as a servant of the board. It, consequently, follows that while the board of education is liable for its own negligence the doctrine of *respondeat superior* does not apply to it and it is not liable for the negligent acts of any of its subordinate officers or servants.

It is now contended on behalf of the board of education that the duty of keeping the schoolroom in repair devolved upon other officers, such as the superintendent of school buildings and other subordinates, and that steps had already been taken by such officers for the repairing of this school building. Assuming, for the purposes of this case, that such duties devolved upon the subordinate officers, the board of education has not been held liable for the failure to make repairs. The only negligence charged against it, upon which it has been held liable, was in allowing the school building to be occupied by pupils.

Under the provisions of the charter the board is given the management and control of the public schools of the city. While the power to repair and keep in suitable condition is given to other officers, the power to close schools seems to be vested solely in the board and, consequently, if there is any negligence with reference to such closing it must be that of the board.

The judgment, therefore, should be affirmed, with costs.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, WILLARD BARTLETT, HISCOCK, JJ. (and CHASE, J., in result), concur.

Judgment affirmed.