FREDERICK HERMAN, by WILLIAM HERMAN, His Guardian ad Litem, Respondent, *v.* BOARD OF EDUCATION OF UNION SCHOOL DISTRICT No. 8, TOWN OF ARCADIA, WAYNE COUNTY, et al., Appellants.

Negligence — public schools — board of education — governmental agencies liable for their own torts — defective machine used in manual training department of high school — when board of education liable as a corporate body for negligence in installing such machine.

1. A school district is a civil division of the state and acts only through its officers and agents. Its power of individual corporate

action is limited to the choice of agents who act in a representative capacity. Its members are residents of the district. The board of education is the agency to which the state delegates the power and duty of controlling the schools in the district. Although it acts in its corporate capacity, it is not absolved from liability as a governmental agency to the extent of the funds vested in it for the purpose by statute or which it is empowered thereby to raise by local taxation. It is liable as a corporate body for its own negligence.

2. Where a pupil in the manual training department of a high school received injuries while operating an unguarded buzz saw as part of his school work, and the Appellate Division has unanimously affirmed a finding of the jury, upon the trial of an action brought by the pupil against the board of education, that the board as a corporate body was guilty of negligence in purchasing, installing, operating and permitting to be used by the pupils of the school under its direct control a dangerous machine, it cannot be held that the board is not liable for such negligence as a governmental agency. (*Maxmilian* v. *Mayor, etc., of New York*, 62 N. Y. 160, 169, followed.)

*Herman* v. *Board of Education*, 200 App. Div. 854, affirmed.

(Submitted October 16, 1922; decided October 24, 1922.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 29, 1921, unanimously affirming a judgment in favor of plaintiff entered upon a verdict.

*Edson W. Hamm* for appellants. The evidence in this case wholly fails to establish a cause of action against the defendants. (*Maxmilian* v. *Mayor, etc., of N. Y.*, 62 N. Y. 160; *Corbett* v. *St. Vincent Indus. School*, 177 N. Y. 16; *Ackley* v. *Bd. of Education*, 177 App. Div. 44, 46; *Gunnison* v. *Bd. of Education*, 176 N. Y. 11; *Scheiffelin* v. *Komfort*, 212 N. Y. 528.) An agency of the state in the performance of its governmental functions shares the immunity from the doctrine of *respondeat superior*. (*Maxmilian* v. *Mayor, etc., of N. Y.*, 62 N. Y. 160; *Hughes* v. *Co. of Monroe*, 147 N. Y. 49, 57; *Woodhull* v. *Mayor*, 150 N. Y. 450; *Lefrois* v. *Co. of Monroe*, 162 N. Y. 563; *Corbett* v. *St.*

*Vincent Indus. School,* 177 N. Y. 16; *Wilcox* v. *City of Rochester,* 190 N. Y. 137; *Noble* v. *H. Hosp.,* 112 App. Div. 663; *Fire Ins. Patrol* v. *Body,* 120 Penn. St. 624; *Benton* v. *Trustees of Boston C. Hosp.,* 140 Mass. 13; *Freel* v. *School City of Crawfordsville,* 142 Ind. 27.) The state is not liable for injuries arising from the negligence of its officers and agents, unless such liability has been assumed by constitutional or legislative enactment. (*Smith* v. *State,* 227 N. Y. 405; *Murtha* v. *N. Y. & N. H. M. Col. & Flower Hospital,* 228 N. Y. 183; *Maxmilian* v. *Mayor, etc., of N. Y.,* 62 N. Y. 160; *Hughes* v. *Co. of Monroe,* 147 N. Y. 49; *Wilcox* v. *City of Rochester,* 190 N. Y. 137; State Const. art. 12, § 1.) Union school district No. 8, town of Arcadia, is a civil division of the state. (*Markey* v. *Co. of Queens,* 154 N. Y. 675; *Lefrois* v. *Co. of Monroe,* 162 N. Y. 563; *O'Brien* v. *Co. of Westchester,* 189 App. Div. 13; *Wilcox* v. *City of Rochester,* 190 N. Y. 137; *Trustee, etc.,* v. *Roome,* 93 N. Y. 313; *Donovan* v. *Bd. of Education,* 85 N. Y. 117; *Ackley* v. *Bd. of Education,* 174 App. Div. 44; *Wahrman* v. *Bd. of Education,* 187 N. Y. 331; *Ford* v. *Kendall School District,* 121 Penn. St. 543; *State* v. *Valle,* 41 Mo. 29; Mechem on Public Officers, §§ 3-5.) The defendants contend that the acts of the board of education and superintendent of schools in the matter of purchasing and installing the machinery equipment for the vocational department of the school, including the saw in question, and the operating of same in the course of the regular instruction in that department, was a part of the public duty imposed upon the defendants as the agents of the state in the performance of their governmental function and in so doing cannot be chargeable in damages for any injuries which the plaintiff sustained. (*Lewis* v. *State,* 96 N. Y. 71; *Corbett* v. *St. Vincent's Indus. School,* 177 N. Y. 16; Education Law, §§ 600-607; *Donovan* v. *N. Y. Bd. of Education,* 85 N. Y. 117; *Albrecht* v. *Queens Co.,* 84 Hun, 339; *Bartlett* v. *Crozier,* 17 Johns. 439; *Kinnare* v. *Chicago,*

171 Ill. 332; *Whitehead* v. *Detroit Bd. of Education*, 139 Mich. 490; *Goodman* v. *Brooklyn H. O. Asylum*, 178 App. Div. 682.)

*James Mann* and *Cornelius R. Wright* for respondent. Defendant cannot escape liability on any supposed doctrine of governmental function. (*Maxmilian* v. *Mayor, etc., of N. Y.*, 62 N. Y. 160; *Bassett* v. *Fish*, 75 N. Y. 303; *Ham* v. *Mayor, etc.*, 70 N. Y. 459; *Donovan* v. *Bd. of Education*, 85 N. Y. 117; *Donovan* v. *McAlpine*, 85 N. Y. 185; *Wahrman* v. *Bd. of Education*, 187 N. Y. 331; *Titusville Iron Co.* v. *City of New York*, 207 N. Y. 208; *McCarton* v. *Board of Education*, 149 App. Div. 516; *Higbie* v. *Bd. of Education*, 122 App. Div. 483; *Kelly* v. *Bd. of Education*, 191 App. Div. 251; *Katz* v. *Bd. of Education*, 162 App. Div. 132.)

POUND, J. Plaintiff, a pupil in the manual training department of the Arcadia High School, received injuries while operating an unguarded buzz saw as a part of his school work. Defendant board of education is a body corporate with capacity to sue and be sued (*Ham* v. *Mayor, etc., of N. Y.*, 70 N. Y. 459), having the power and impressed with the duty to superintend, manage and control the school. (Education Law [Cons. Laws, ch. 16], § 310.) Defendant Croop is the superintendent of schools in charge under the board of education of the school property. The manual training department is maintained by authority of law. (Education Law, § 600 and following.)

It is not sought in this action to charge the defendant board of education with the negligence, misconduct or misfeasance of its subordinates and employees. The learned trial judge held that the doctrine of *respondeat superior* did not apply (*Wilcox* v. *City of Rochester*, 190 N. Y. 137; *Hughes* v. *County of Monroe*, 147 N. Y. 49; *Wahrman* v. *Board of Education*, 187 N. Y. 331, 335)

and submitted the case to the jury on the theory that the defendant board of education could be held liable only for its own corporate act in purchasing, installing, operating and permitting to be used by the pupils in the school under its direct control a dangerous machine, the character of which was known to it, or should have been known if it had exercised proper care. A finding of the jury that the defendant board was guilty of such negligence has been unanimously affirmed. The question here arises on a reserved motion for a nonsuit, denied after verdict, made on the ground that such negligence did not impose liability because the defendant board was a governmental agency.

Boards of education have been held responsible for negligence when their own corporate act in the discharge of their corporate duties is the negligence complained of. The members of the board as such act only as members of the corporation and not individually. They are not the hired agents of the corporate body engaged to act in their private capacity. Their corporate character protects them from individual liability where their official character is the opportunity or occasion of the neglect. If they neglect to discharge the duties immediately imposed upon them by law, the neglect is that of the corporate body and not of the individuals composing it. (*Bassett* v. *Fish,* 75 N. Y. 303.)

But it is now contended not only that the individual members of the board are immune, but that the corporation is a governmental agency of the state, a part of the sovereign power of the state, and is also immune from liability for its torts. While this contention has not been squarely met by any controlling decision of this court we are practically foreclosed from considering it. The state and its civil divisions when engaged as the delegates of the state in the discharge of governmental functions are not liable for the torts of their agents and contractors, unless such liability has been assumed or

imposed by law.   (*Conrad* v. *Trustees of Vil. of Ithaca,* 16
N. Y. 158; *Murtha* v. *N. Y. Homeo. Med. College & F. H.,*
228 N. Y. 183.)   The board of education is a governmental
agency of the state.   It is not a civil division of the state.
It is not liable for the torts of its agents.   Such agents, like
policemen in a city, are personally liable for their torts
done in the course of their employment, but the corpora-
tion is not chargeable with their defaults.   It, however,
remains liable for its own negligence.   It is said in
*Maxmilian* v. *Mayor, etc., of N. Y.* (62 N. Y. 160, 169)
that " where the duty is upon the city itself and not upon
public officers appointed by it, where it accepts the duty
and the power to perform it, and itself, by its own agents,
sets about the work, or undertakes to set about it by its own
agents, then, for negligent omission to do or for doing in a
negligent way, it may be liable."   A personal act of mis-
feasance is here established.   This rule has been applied to
boards of education.   (*Wahrman* v. *Board of Education,*
*supra.*)   " It is urged that the board of education is not
liable for the torts of its subordinates.   It is unnecessary
to consider that question.   The evidence shows that the
board of education, as such, participated in the appro-
priation of the property claimed by the plaintiff and
for such act,. if wrongful, the board was subject to suit."
(*Titusville Iron Co.* v. *City of N. Y.,* 207 N. Y. 203, 208.)
When the state surrendered to the board a portion of its
sovereign power and delegated to it a duty imposed upon
the state by the Constitution (Art. IX, § 1) and it accepted
the trust, it undertook to perform with fidelity the duties
which the law imposed upon it.   It is not immune from
suit.   The state has not created an irresponsible instru-
mentality of government and invested it with the power
to put children at work at dangerous machinery which
it would be a statutory offense against its laws to
use in private industries.   (Labor Law, § 256; L. 1921,
ch. 50.)   The corporate cloak covers the individual trus-
tee, but where the corporate body acts for itself and

not through the agency of its officers and employees, it is bound to act with due regard for the safety of the children and others in its care in the discharge of those duties imposed on it by law, which are not delegated or delegable to others.

The school district is a civil division of the state. It may act only through its officers and agents. Its power of individual corporate action is limited to the choice of agents, who act in a representative capacity. Its members are the residents of the district. The board of education is the agency to which the state delegates the power and duty of controlling the schools in the district. Under such circumstances the position of the board is the same as that of any other agent of the state similarly situated. Although it acts in its corporate capacity, it is not absolved from liability as a governmental agency to the extent of the funds vested in it for the purpose by statute or which it is empowered thereby to raise by local taxation.

The negligence of defendant Croop is conclusively established as matter of law by the unanimous affirmance.

The judgment appealed from should be affirmed, with costs.

HISCOCK, Ch. J., HOGAN, CARDOZO, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment affirmed.