MABEL WILLIAMS, an Infant, by LILLIAN WILLIAMS, Her Guardian ad Litem, Appellant, *v.* BOARD OF TRUSTEES OF DISTRICT No. 1, TOWN OF EATON, Respondent.

Fourth Department, March 7, 1923.

Schools — action against school district by school child to recover for injuries suffered while being transported in conveyance furnished by school district under Education Law, § 206, subd. 18 — school district bound to provide reasonably safe mode of conveyance — error to dismiss complaint at close of plaintiff's case.

A school district, which educates its children in another district under the contract system and furnishes transportation incidental to that system under the power given it by subdivision 18 of section 206 of the Education Law, is bound to provide a reasonably safe mode of conveyance for the school children. That means reasonably safe transportation and involves not only a vehicle reasonably fit for the purpose in view, but also such reasonable supervision and care as the circumstances demand, taking into consideration that those being transported are children.

In an action by a school child to recover for injuries suffered by her while being transported in a horse-drawn vehicle furnished by the school district, it was error to dismiss the complaint at the close of the plaintiff's case, where it appears that the conveyance consisted of an old-fashioned canopy top platform wagon with a wooden box; that there were three seats; that the wheels were unguarded; that the rear wheels extended above the box; that this conveyance was used for the purpose of transporting ten or twelve children, whose ages varied from six to twelve years, and was in charge of a woman who knew how to drive; that the team was old and gentle; that the plaintiff, a child nearly nine years old, fell between the wheel and the box, and that thereafter the team went about a rod before it was stopped.

APPEAL by the plaintiff, Mabel Williams, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Oneida on the 10th day of May, 1922, upon the dismissal of the complaint by direction of the court at the close of the plaintiff's case.

*Lee, Dowling & Brennan* [*William F. Dowling* of counsel], for the appellant.

*Cregg Brothers & Rulison* [*Edward Cregg* of counsel], for the respondent.

CROUCH, J.:

In April, 1921, the children in respondent's school district were being educated in another district under the contract system. (Education Law, art. 21.)  To furnish the transportation incidental to that system (Education Law, § 206, subd. 18) respondent made a contract with a woman named Johnson.  She provided and drove a team and an ordinary platform wagon with three seats in which ten or twelve children were conveyed to and from school.  On April 7, 1921, while returning from school, appellant fell or was thrown from the wagon and seriously injured.  She brought this action to recover damages and was nonsuited at the close of her case.  From that judgment she appeals.

Inasmuch as respondent made the transportation contract, it may be presumed that the meeting had authorized it under subdivision 18 of section 206 of the Education Law.  Having undertaken to furnish transportation, it was bound to provide a reasonably safe mode of conveyance.  (*Shrimpton* v. *Hertfordshire County Council,* 104 L. T. [N. S.] 145; 2 Neg. & Comp. Cas. Ann. 238; *Miller* v. *International Harvester Co.,* 193 App. Div. 258.)  Respondent is a body corporate (Education Law, § 270), and although a governmental agency, it is still liable for its own negligence.  (*Herman* v. *Board of Education,* 234 N. Y. 196.)  Nor can it avoid such liability by delegating the performance of its duty to a contractor.  (*Deming* v. *Terminal Railway of Buffalo,* 169 N. Y. 1; *Hyman* v. *Barrett,* 224 id. 436, 439.)

Owing partly to the fact that the driver of the wagon became incompetent after the accident and to the further fact that the children, including plaintiff, who were offered as witnesses, were necessarily rejected under an outworn rule because after examination it was held that they did not understand the nature of an oath, the evidence in the case is meagre.

The jury could have found that the vehicle was an old-fashioned canopy-top platform wagon with a wooden box eight feet long, twenty-seven inches wide, and eight inches high, having three seats; that the front seat was close to the dash, and the rear seat a foot and a half or two feet from the rear.  Other measurements, probably more reliable, gave the length as nine feet one inch, the width forty-one inches, and the height nine inches.

The jury could further have found that there were no railings

on the seats, except a five-inch rail above the cushions; that the wheels were unguarded, and that the rear wheels ran up eight inches higher than the box, though more reliable evidence showed an inch and a half; that it was feasible to guard the wheels, and that in other sections of the same county guarded wagons, otherwise surreys, were in use for transporting school children; and that the horses were old and gentle.

As to the driver, it appeared that she was a farm-bred woman about fifty-five years old, strong and in good health, who did the work on her own farm, knew how to drive, and that she became insane after the accident.

As to the manner of the accident, the evidence merely was that the appellant, a child nearly nine years old, fell over the wheel, was caught therein and went around the wheel. She was on the inside of the wheel and her leg was wound around the axle. After she became entangled in the wheel she screamed. The team went about a rod before stopping.

Was there enough here upon which to go to the jury?

The duty of respondent was to furnish " a reasonably safe mode of conveyance." (*Shrimpton* v. *Hertfordshire County Council,* *supra.*) That means reasonably safe transportation. It involves not only a vehicle reasonably fit for the purpose in view, but also such reasonable supervision and care as the circumstances demand. Both must be considered together. A wagon otherwise dangerous might be reasonably safe with more supervision. With slight supervision reasonable safety might demand a more secure type of wagon. The purpose in view was the fairly safe transportation of ten or twelve children varying from six to twelve years of age. The evidence must be considered in the light of common knowledge about childish proclivities and comprehension of danger. So considered, it was for the jury to say whether this wagon, intended for and well enough adapted to ordinary farm and family purposes, was reasonably safe for a dozen children when supervised only by this working woman, who apparently was paying slight attention to what was going on behind her, so slight that a gentle, slow-going team went a rod after the child's first scream was heard by the driver of a car two rods behind.

The judgment should be reversed on the law and a new trial granted, with costs to the appellant to abide the event.

All concur.

Judgment reversed on the law and new trial granted, with costs to appellant to abide event.