HOWARD B. GREGORY, an Infant over the Age of Fourteen Years, by FORREST W. GREGORY, His Guardian ad Litem, Respondent, v. BOARD OF EDUCATION OF THE CITY OF ROCHESTER, NEW YORK, Appellant.

Fourth Department, December 30, 1927.

Schools — liability for injury to student — explosion in chemical labora-
tory — error to charge that defendant might be held liable if it had
omitted to prescribe suitable course of study in chemistry.

The plaintiff, a student in one of the schools of the defendant, was injured by
an explosion in a chemical laboratory. It was the duty of the defendant to
use reasonable care in keeping and distributing chemicals that were dangerous
in combination, and the case was properly submitted to the jury on that ground.

It was error, however, for the court to charge that the defendant might be held
liable if it omitted to prescribe a suitable course of study in chemistry, since
it appears that there was in actual use in the laboratory a syllabus prepared
by the Board of Regents, and, furthermore, the experiment which the plaintiff
was conducting was unauthorized.

APPEAL by the defendant from a judgment of the Supreme Court, entered in the office of the clerk of the county of Monroe on the 13th day of June, 1927, and also from an order entered in said clerk's office on the 2d day of November, 1927.

This action is based on an explosion in the chemical department of the Rochester Shop School, which caused the injuries for which the plaintiff is seeking to recover damages.

*Pierson & Winchell* [*Frederick T. Pierson* of counsel], for the appellant.

*Howard F. Barnes* [*Claude T. Taggart* of counsel], for the respondent.

PER CURIAM. It was the duty of the defendant to use reasonable care in the keeping and distribution of chemicals potentially dangerous in combination. The case was properly submitted to the jury on that ground. (*Herman* v. *Board of Education*, 234 N. Y. 196; *Williams* v. *Board of Trustees, Town of Eaton*, 204 App. Div. 566; *Van Dyke* v. *City of Utica*, 203 id. 26; *Ford* v. *Board of Education*, 202 id. 826; *Jaked* v. *Board of Education*, 198 id. 113.)

We think the trial court erred, however, in charging the jury in substance that defendant might be held liable if it had omitted to prescribe a suitable course of study in chemistry. It appeared without dispute that there was in actual use in the laboratory a syllabus prepared by the Board of Regents. Whether it was formally prescribed and adopted by defendant is immaterial. The experiment which plaintiff was conducting was unauthorized and

was no part of the course of study in actual use.   If it be conceded that defendant had omitted formally to prescribe and adopt a course of study, such omission had no causal connection with the injury.

The judgment appealed from should be reversed on the law and a new trial granted, with costs to the appellant to abide the event.

All concur, SEARS, J., in result only.   Present — HUBBS, P. J., CLARK, SEARS, CROUCH and SAWYER, JJ.

Judgment and order reversed on the law and a new trial granted, with costs to appellant to abide event.