ALEXANDER LESSIN, an Infant, by MARKUS LESSIN, His Guardian ad Litem, Appellant and Respondent, *v.* THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant, and the CITY OF NEW YORK, Respondent.

MARKUS LESSIN, Respondent and Appellant, *v.* THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant, and the CITY OF NEW YORK, Respondent.

Negligence — streets — elevators — New York city — Board of Education — boy eight years old not guilty of contributory negligence in running across elevator platform left flush with sidewalk — liability of city and Board of Education for injury received from fall into elevator shaft in front of school — sidewalk elevator within building line not a nuisance if properly constructed — sufficiency of evidence to sustain finding that employees of Board of Education should have anticipated that precautions taken to guard damaged elevator might prove insufficient — duties of control and care of school buildings imposed upon Board by statute are corporate duties — Board responsible for dereliction of its employees in discharge of such duties — notice to employees notice to Board — complaint properly dismissed as against city.

1. It cannot be said that a boy eight years old was guilty of contributory negligence as a matter of law in running in play upon the platform of an elevator left nearly level with the street, where the opening of the shaft, though within the building line, was in the sidewalk, which was open and used by the public, and there was nothing to warn him plainly of danger.

2. Though the danger was due to conditions which existed not upon the public street itself but upon abutting property, it was a danger to which those using the street were subjected. Both the city and the abutting owner knew that the public used the whole sidewalk and, in the absence of some special rule of exemption of liability, each may be held responsible for injuries caused by dereliction on its part in any duty it owed to a person so using the sidewalk.

3. The provisions of section 148 of article 13 of chapter 23 of the Code of Ordinances of the city of New York apply only to obstructions and incumbrances in the city streets and are not intended to render

unlawful, openings otherwise constructed in the sidewalk within the building line, if such openings are constructed in a reasonably safe manner, in accordance with plans approved by the city. Where, therefore, in an action to recover for injury to a boy caused by the giving way of one end of the platform of a sidewalk elevator when he stepped upon it, precipitating him down the shaft, there is nothing in the evidence which suggests that the original construction of the elevator and elevator shaft was not reasonably safe, plaintiff cannot recover on the theory of nuisance.

4. Evidence that the custodian-engineer of a school, in front of which the accident happened, and the supervisor or superintendent of maintenance of machinery and apparatus of public schools were informed that while the elevator was being used for the delivery of coal the platform had become stuck a few inches above the sidewalk and could not be lowered; that directions were given to a contractor to repair the elevator; that the folding doors which ordinarily covered the shaft opening when the elevator was not in use were placed in an upright position and held erect by a bar across the top and that empty ash cans were ranged in front between the doors but that during the interval of at least three hours before plaintiff was injured no further attention was paid to the elevator and at the time of the accident the folding doors lay open, flat against the sidewalk, and there were no ash cans in front of the elevator which was then level with the sidewalk, sustains a finding that the employees of the Board of Education in the exercise of reasonable care should have anticipated that the precautions taken might prove insufficient.

5. A contention that even assuming that its employees have been negligent the Board of Education, as an agency of the State, performing a governmental function, is not responsible for the negligence of its employees or agents, cannot be sustained. The duties of control and care of school buildings imposed upon the Board by section 1055 of the charter of the city of New York (L. 1901, ch. 466) and by subdivision 3 of section 868 of the Education Law (Cons. Laws, ch. 16) are corporate duties that may not be delegated and for dereliction in the discharge of such duties there is a corporate responsibility.

6. Nor may a contention be sustained that notice of the existence of the danger given to the employees of the Board may not be regarded as notice to the Board. The Board intrusted, as it was bound to do, the care of the building to its employees and was derelict when it failed to take appropriate action upon the knowledge obtained by them.

7. The record not showing that any employee or officer of the city intrusted with the care of the streets had actual notice that the elevator was defective or constituted a danger to the public and it not being

clear, under all the circumstances, that in the exercise of reasonable care by any of them such a danger should have been discovered, and at the trial liability against the city being urged rather upon the theory of nuisance than of negligence, there was no error in dismissing the complaint against the city.

*Lessin* v. *Board of Education,* 222 App. Div. 667, affirmed.

(Argued February 24, 1928; decided March 27, 1928.)

APPEAL in each of the above-entitled actions by defendant Board of Education, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 30, 1927, affirming a judgment in favor of plaintiff and against defendant Board of Education, entered upon a verdict. Appeal by the plaintiff in such actions from so much of the judgment of the Appellate Division as affirmed a judgment in favor of defendant City of New York entered upon a dismissal of the complaint by the trial court.

*Samuel Lesser, Thomas J. O'Neill* and *Leonard F. Fish* for plaintiff, appellant and respondent. The appellant, Board of Education, failed to maintain the elevator and elevator equipment in a reasonably safe condition and hence was guilty of negligence which was the proximate cause of the accident. (*Jaked* v. *Board of Education,* 198 App. Div. 113; 234 N. Y. 591; *Herman* v. *Board of Education,* 234 N. Y. 196; *Metzroth* v. *City of New York,* 241 N. Y. 470; *Sprague* v. *City of Rochester,* 159 N. Y. 20.) The appellant, Board of Education, was guilty of negligence in permitting a highly dangerous condition to exist in the sidewalk for a period of upwards of four hours, of which it had notice. (*Metzroth* v. *City of New York,* 241 N. Y. 470; *Blakeslee* v. *City of Geneva,* 61 App. Div. 42; *Rehberg* v. *City of New York,* 91 N. Y. 137, *Sprague* v. *City of Rochester,* 159 N. Y. 20; *Goodfellow* v. *City of New York,* 100 N. Y. 15.) The respondent, City of New York, is liable, having maintained a nuisance and for the failure to abate the nuisance and

guilty of negligence in failing to remove the nuisance and guilty of negligence in failing to protect the pedestrians from the existing danger. (*Egan* v. *City of Buffalo*, 173 N. Y. Supp. 474; 188 App. Div. 953; 230 N. Y. 575; *Jewhurst* v. *City of Syracuse*, 108 N. Y. 303; *Hynes* v. *New York Central R. R. Co.*, 231 N. Y. 236; *Henry* v. *Village of Saratoga Springs*, 171 App. Div. 827; *Johnson* v. *State*, 186 App. Div. 389; *Dennis* v. *Village of Elmira Heights*, 59 App. Div. 404; *Ivory* v. *Town of Deerpark* 116 N. Y. 476.)

*George P. Nicholson*, Corporation Counsel (*J. Joseph Lilly, Henry J. Shields, Abraham Greenwald* and *Charles C. Marrin* of counsel), for Board of Education, appellant, and City of New York, respondent. The complaint was properly dismissed as against the defendant city. (*Gunnison* v. *Bd. of Education*, 176 N. Y. 11; *Matter of Fuhrman* v. *Graves*, 235 N. Y. 77; *Jorgensen* v. *Squires*, 144 N. Y. 280; *Boutet* v. *City of New York*, 199 App. Div. 835; *People ex rel. Cross Co.* v. *Ahearn*, 124 App. Div. 840; *City of New York* v. *Buek*, 43 Misc. Rep. 663; *Matter of Low*, 233 N. Y. 334; *Title Guarantee & Trust Co.* v. *City of New York*, 185 App. Div. 688; 205 N. Y. 496; *City of New York* v. *Maslen*, 174 App. Div. 661; 223 N. Y. 638.) The ash hoist as maintained by the defendant Board of Education was not a nuisance. (*McDonnell* v. *Gerken*, 197 App. Div. 446; 236 N. Y. 617; *Deshong* v. *City of New York*, 176 N. Y. 475; *Jorgensen* v. *Squires*, 144 N. Y. 280; *Trustees of Canandaigua* v. *Foster*, 156 N. Y. 354; *Campion* v. *Rollwagen*, 43 App. Div. 117; *Tubesing* v. *City of Buffalo*, 51 App. Div. 14; *Schubkegel* v. *Butler*, 76 App. Div. 10; *People ex rel. N. Y. & R. Gas Co.* v. *Cromwell*, 89 App. Div. 291; *Poole* v. *Paddell*, 160 N. Y. Supp. 1082.) There was no negligence on the part of the defendant Board of Education. (*Donovan* v. *McAlpin*, 85 N. Y. 185; *Hunt* v. *Mayor, etc.*, 20 J. & S. 198; 109 N. Y. 134; *Hume* v. *Mayor, etc.*, 47 N. Y. 639;

*Slater* v. *Barnes,* 241 N. Y. 284.) There was no proof of freedom from contributory negligence on the part of the infant plaintiff. (*People* v. *Donohue,* 114 App. Div. 830; *Byrne* v. *N. Y. C. & H. R. R. R. Co.,* 83 N. Y. 620; *Jacobs* v. *Kohler S. G. Co.,* 208 N. Y. 416.) For the acts or omissions of any of its employees who were or might have been implicated in the accident to the infant plaintiff the defendant Board of Education may not be held to liability. (*Herman* v. *Board of Education,* 234 N. Y. 196; *Johnson* v. *Board of Education,* 210 App. Div. 723; *Wahrman* v. *Board of Education,* 187 N. Y. 331; *Jaked* v. *Board of Education,* 198 App. Div. 113; 234 N. Y. 591; *Katterschinsky* v. *Board of Education,* 215 App. Div. 695.)

LEHMAN, J. The infant plaintiff, a boy about eight years old, played tag with some small companions on the sidewalk in front of the Morris High School in the city of New York. In the course of the game he ran upon the platform of an elevator or hoist, which was used to bring coal and other materials into the cellar of the school building and to remove ashes and waste from the cellar. The platform was level with the street or nearly so. As the boy stepped upon it, one end of the platform gave way and the boy was precipitated into the elevator shaft or hoistway. He sustained grievous injuries. For the consequent damages liability is asserted against the city of New York and the Board of Education.

At the place where the children were playing, the sidewalk is unusually wide. The school building is set back several feet from the building line, and the sidewalk extends, without any line of demarcation, to the wall of the building. The opening of the elevator shaft or hoistway in the sidewalk is within the building line, but the whole sidewalk is open to the traveling public and is used by it. The children were lawfully playing upon the sidewalk, even though the sidewalk extended beyond

the street line. It may not be said that this boy of eight was guilty of contributory negligence as a matter of law in running in play upon the platform of the elevator, if there was nothing to warn him plainly of danger. Though the danger was due to conditions which existed not upon the public street itself, but upon abutting property, it was a danger to which those using the street were subjected. The city of New York has charge and control of the public streets. Towards those using the streets, it rests under a duty of reasonable care to keep the streets reasonably safe. The Board of Education had charge and control of the school building and its appurtenances. An abutting owner may not render the street unsafe for the public, even by acts done on private property. Both the city and the abutting owner knew that the public used the whole sidewalk. In the absence of some special rule of exemption of liability, each may be held responsible for injuries caused by dereliction on its part in any duty it owed to a person so using the sidewalk. (*Klepper* v. *Seymour House Corp.*, 246 N. Y. 85.)

The complaint charges that the defendants were guilty of both nuisance and negligence. It is said that the opening of the elevator shaft was not constructed in accordance with section 148, article 13, chapter 23 of the Code of Ordinances of the city of New York, and, therefore, constituted a nuisance regardless of the manner in which it was maintained.

The provisions of the section of the ordinances upon which the plaintiffs rely apply only to obstructions and incumbrances in the city streets and are not intended to render unlawful openings otherwise constructed in the sidewalk within the building line on abutting property, if such openings are constructed in a reasonably safe manner, in accordance with plans approved by the city. In the present case there is nothing in the evidence which suggests that the original construction of the elevator and elevator shaft was not reasonably safe. Liability, if any, must be

predicated upon proof that the defendants have been guilty of negligence in the maintenance of the opening. The trial court held that such proof failed to establish wrong by the city and dismissed the complaint against it. The jury has found that the evidence establishes negligence on the part of the Board of Education.

The accident occurred at two o'clock in the afternoon. At about ten o'clock in the morning of the same day, the " custodian-engineer " of the Morris High School and the supervisor or superintendent of maintenance of machinery and apparatus of public schools in the borough of The Bronx, who happened to be in the school building in the course of his duties, were informed that, while the elevator was being used for the delivery of coal, the platform had become stuck when a few inches above the sidewalk. It could not be lowered. A chain at one corner of the platform was broken or had become loosened from the platform. Directions were given to a contractor to repair the elevator. At that time the employees of the board of education had notice that until the elevator was repaired, it constituted a danger to any person, using the sidewalk, who might step upon it. It was their duty to exercise reasonable care to remove the danger, and reasonable care should be commensurate with the danger that threatens. Here the jury might find that the care exercised did not measure up to this standard. There is testimony that the folding doors which ordinarily covered the shaft opening when the elevator was not in use were placed in an upright position and held erect by a bar across the top, and that empty ash cans were ranged in front between these doors. The accident occurred at least three hours thereafter. During the interval the employees of the Board of Education paid no further attention to the elevator. They were satisfied that the precautions they had taken were sufficient. At the time of the accident, and, perhaps, for some hours before, the folding doors lay open, flat against the sidewalk, and

[247 N. Y. 503] Opinion per LEHMAN, J. [Mar.,

there were no ash cans in front .of the elevator which was then level with the sidewalk. The precautions taken proved insufficient, and the evidence supports the finding that the employees of the Board of Education in the exercise of reasonable care should have anticipated that they might prove insufficient.

The Board of Education maintains that, even assuming that its employees have been negligent, as an agency of the State performing a governmental function it is not responsible for the negligence of its employees or agents. The property of the city of New York is " under the care and control of the board of education." (Greater New York Charter, section 1055.) The Board of Education has assumed performance of the function and duty to control and care for the school building imposed upon it under the charter and under section 868, subdivision 3, of the Education Law (Cons. Laws, ch. 16). Duties so imposed and assumed may not be delegated to another. They are corporate duties, and for dereliction in the discharge of such duties there is a corporate responsibility. (*Herman* v. *Board of Education*, 234 N. Y. 196; *Wahrman* v. *Board of Education*, 187 N. Y. 331.)

The Board of Education is a governmental agency, not a civil division, of the State. (*Herman* v. *Board of Education, supra.*) Even where the rule is maintained that civil divisions of the State, when engaged as delegates of the State in the discharge of governmental functions, are not liable for the torts of their agents and contractors, the rule has not been extended to exempt a governmental agent from liability for his own dereliction. The State has created the Board of Education as a corporate agent to discharge governmental functions. No exemption from responsibility for dereliction in the discharge of a corporate duty has been granted. The responsibility of the individual agents and officers of the State for their own derelictions has been transformed into a corporate liability (*Bassett* v. *Fish*, 75 N. Y. 303.)

Some duties imposed upon the Board of Education may be carried out by the Board without the intervention of any agent. It must provide for the instruction of the school children. It appoints teachers for that purpose. Its duty is then performed. It does not itself teach, and the teachers are not the agents of the Board. For that reason the Board of Education may not be held liable for negligence of a teacher in the giving of instruction or in the use of materials furnished by the Board. (*Johnson* v. *Board of Education*, 210 App. Div. 723; *Katterschinsky* v. *Board of Education*, 215 App. Div. 695.)

The duty of caring for school buildings is, by its nature, a continuing duty which is imposed directly upon the Board of Education. The members of the Board cannot discharge that duty collectively without the intervention of agents or employees, but the duty of the Board is not complete when it appoints such agents or employees. It acts through them. If they fail to discharge properly the functions assumed by the Board, the Board is responsible for such failure, aside from any rule of agency. The Board itself has in such case failed to perform a duty imposed upon it by law, and liability may be predicated upon its own wrong. (*Herman* v. *Board of Education, supra; Jaked* v. *Board of Education,* 198 App. Div. 113; affd., 234 N. Y. 591.)

A danger to the public using the street existed upon abutting property in the control of the Board of Education. As soon as that danger became known to it, or should have been discovered in the exercise of reasonable care, the duty to warn or guard the public against it arose. Because of the negligence of the employees of the Board, that duty was not properly performed. Even if we assume that the Board of Education acting as a governmental agency is not responsible for the negligence of its agents, such negligence cannot excuse the resultant failure of the Board to discharge the duty imposed upon it by law. The Board remains liable for the proper performance of its

duty, even though it intrusts performance to an appointee, at least to the same extent as if it arranged that such duties should be performed by an independent contractor.

It is said that if liability is imposed upon the Board of Education for its own dereliction and not, under the rule of *respondeat superior*, for the negligence of its employees, notice of the existence of the danger given to the employees of the Board may not be regarded as notice to the Board. That does not follow. The Board intrusted, as it was bound to do, the care of the building to its employees. It acted, and could act, only through them. Except by notice to such employees it could hardly obtain knowledge of the existence of any defect in a building under its care or any danger which called for vigilance on its part. It was derelict when it failed to take appropriate action upon the knowledge so obtained.

The record does not show that any employee or officer of the city intrusted with the care of the streets had any actual notice that the elevator was defective or constituted a danger to the public. It is not clear under all the circumstances that in the exercise of reasonable care by any of them such a danger should have been discovered. At the trial, liability against the city was urged rather upon the theory of nuisance than of negligence. We find that there was no error in dismissing the complaint against the city.

The judgment in each action should be affirmed, with costs to the plaintiff against the Board of Education.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS and KELLOGG, JJ., concur; O'BRIEN, J., not sitting.

Judgments affirmed, etc.