CHARLES B. SAXON, INC., Plaintiff, *v.* BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 1 OF TOWN OF CATSKILL, Defendants.

Supreme Court, Special Term, New York County, April 26, 1938.

*Sidney M. Wittner,* for the plaintiff.

*Osborn, Bloodgood, Wilbur & Fray,* for the defendant.

MILLER, J. The defendant's motion for a change of venue is based solely on the ground that the action is not brought in the proper county. The theory of the motion is that the defendant, the Board of Education of Union Free School District No. 1 of the Town of Catskill, is a board of the town of Catskill within the meaning of section 66 of the Town Law which provides that " The place of trial of all actions and proceedings against a town or any of its officers or boards shall be the county in which the town is situated." The school district is, however, a civil division of the State (*Herman* v. *Board of Education,* 234 N. Y. 196), and the board of education is the agency to which the State delegates the power and duty of controlling the schools in the district. The board of education is not one of the town's boards within the meaning of section 66 of the Town Law. A bill recently passed by the Legislature providing that the place of trial of any action or proceeding against a school district, the board of education and trustees of any school district, or any of its officers, shall be the county in which such district is situated, has been vetoed by the Governor. The motion to transfer the place of trial is, accordingly, denied. In view of this disposition the determination of the cross-motion to

retain the place of trial in New York county for the convenience of witnesses has become academic and said motion is denied, but without prejudice. It is to be noted that no formal motion or cross-motion has been made by the defendant to transfer the place of trial from New York county for the alleged convenience of witnesses.