BERTHA L. TAYLOR, INDIVIDUALLY AND AS NEXT FRIEND OF ROBERT S. TAYLOR, PLAINTIFFS-APPELLANTS, v. JAMES C. KELVIN, DEFENDANT-RESPONDENT.

Submitted May 27, 1938—Decided September 16, 1938.

For the plaintiffs-appellants, *Jacob S. Glickenhaus.*

For the defendant-respondent, *Osborne, Cornish & Scheck* and *Abner Brodie.*

The opinion of the court was delivered by

.DONGES, J.  This appeal brings up a judgment of nonsuit entered in the Essex County Circuit Court at the conclusion of the plaintiffs' case.  The suit is by Bertha L. Taylor, individually and as next friend of her son, Robert S. Taylor, to recover for injuries sustained by the infant plaintiff, and consequential damages resulting therefrom, in consequence of having his finger caught and crushed in the gears of a printing press.

The accident occurred on January 29th, 1934, when the infant plaintiff was eleven years and two months of age. He was a pupil at the Summer Avenue School, a public school conducted under the supervision and control of the board of education of the city of Newark. The defendant was an instructor of mechanical arts in said school and plaintiff was in his class at the time of the occurrence in question.

The boy plaintiff was the only witness who testified concerning the manner of the happening of the accident, and from his testimony it appears that he had finished the project on which he had been working and on Friday, January 26th, he and two other boys were assigned to the task of cleaning the printing press. On Monday, January 29th, 1934, they were again engaged in this work, the plaintiff using emery cloth to clean rust and dirt from certain metal gears. One of the other boys, William Gionella, was on the side of the press opposite to that on which plaintiff was working and he turned a fly wheel causing the gears on which plaintiff was working to turn at a time when plaintiff's finger was in the cogs. The third finger of his right hand was so injured that amputation of the third phalanx thereof became necessary.

On cross-examination, the infant plaintiff was asked whether he knew that if the fly wheel were moved the gears would mesh, and he said that he did. He further said that he had seen this done, and that he knew from what he had seen of the machine the previous Friday that if the fly wheel were turned the gears would engage and he knew that if the gears meshed and his finger were between the gears there was likelihood of injury.

In this situation the trial court granted the motion for nonsuit on the ground that the only proper inference to be drawn from the testimony on behalf of the plaintiff was that an intervening independent agency, namely the act of the Gionella boy, was the proximate cause of the accident.

It is argued in this court on behalf of the appellants that the testimony raised a question for the jury "to determine whether it was negligence on the part of the teacher to permit

a pupil eleven years and two months of age to work on a dangerous machine, without guards, and without instructions as to the danger to be incurred and without proper supervision, and this irrespective of how the press was started, causing the gears to mesh and crush plaintiff's finger."

As to the alleged failure to give instructions concerning the danger to be incurred, the plaintiff himself testified that he knew the gears would turn if the fly wheel were turned and knew of the danger to him in such event. What more the teacher could or should have imparted by way of instruction does not appear, and we fail to see any evidence of negligence on this score.

The cases cited and relied upon by the appellants are not pertinent to the situation here presented. In *King* v. *Ford,* 1 *Stark.* 421; 171 *Reprint* 517, the use of fireworks was involved and the holding was that a teacher might be held liable for negligence in not preventing the use of them. In *Smith* v. *Martin,* 2 *K. B.* 775; 80 *L. J. R.* (*N. S.*) 1256, the teacher directed a young girl pupil to care for a fire in a stove, by reason of which injury occurred. Obviously this was a task entirely disconnected from the course of study. In *Herman* v. *Board of Education,* 234 *N. Y.* 196; 137 *N. E. Rep.* 24, liability was based upon negligence in permitting a pupil to *operate* a dangerous instrumentality, namely an unguarded buzz saw.

There is nothing in the testimony in the instant case from which it could be found that a motionless printing press was a dangerous instrument *per se.* It was not connected with any power machinery for operation, but was designed to be operated by hand. It was motionless when the boy was instructed to do the cleaning work and it was not designed that it would be operated whilst this work was in progress. Obviously, the printing press was installed in the school as part of the course of mechanical training, and there is nothing in the evidence to show that the task to which the plaintiff was assigned was outside the prescribed course of training or was not one of the usual duties performed by pupils in the class.

We are of the opinion that the proximate cause of the accident which caused the injury in this case was the act of the Gionella boy in setting the wheels in motion by turning the fly wheel. This was an act entirely disconnected from any conduct on the part of the defendant. The discussion of concurring negligence in *Robbins* v. *Thies,* 117 *N. J. L.* 389, is not pertinent here. There the appellant Public Service Electric and Gas Company was charged with negligence in failing to turn off the current in its electric wires after it had knowledge that such wires had fallen to the street by reason of a pole having been struck by an automobile negligently operated by another. There it was urged that the operation of the automobile was an independent intervening cause, but this court held that the negligence of the electric company in failing to turn off the current combined with the other act of negligence to produce the injury, and the company could be held although its negligence was not the sole negligence.

"An intervening cause is the act of an independent agency which destroys the causal connection between the negligent act of the defendant and the wrongful injury, the independent act being the immediate cause, in which case damages are not recoverable because the original wrongful act is not the proximate cause." *Davenport* v. *McClellan,* 88 *N. J. L.* 653; *Cuff, Administratrix,* v. *Newark and New York Railroad Co.,* 35 *Id.* 17.

"Thus the rule is laid down that 'where the alleged negligent act is separate from the injury done by the intervention of third parties, or by the forces of nature there can be no recovery.' *Smith Neg.* 12, and cases cited." *Morril* v. *Morril,* 104 *N. J. L.* 557.

We conclude that the act of the fellow pupil in setting the gears in motion was such an independent intervening cause as to break the chain of causation between the accident and any conduct on the part of the defendant. It was the proximate cause of the injury.

There was no error in granting the motion for a nonsuit.

The other point argued is that it was error to exclude a question asked of the witness Herbert Storch, a printer of some years experience who was apparently offered as an expert witness but whose qualifications as such were not ruled upon by the trial judge. The question was:

"In your opinion, Mr. Storch, would it be proper to put a boy of eleven years and two months at work to clean a printing press, such as was in this school room?"

As framed, this question was not the proper subject of expert testimony. It embodied a question which might, under sufficient evidence, be submitted to the jury for its determination. Such a question cannot be asked an expert. In *Krieg* v. *Timken*, 102 *N. J. L.* 307, the late Chief Justice Gummere said:

"The ground of objection to his testimony was that the facts concerning which he testified were not the subject of expert evidence; that it was for the jury, and not for an alleged expert, to say whether the fact that a gate opened inward instead of outward constituted a menace to the safety of people traveling along the street, without regard to the stability of its fastening. We think the objection was well founded, and for the reason upon which it was based."

The late Chancellor Walker said, (*In Re McCraven*, 87 *N. J. Eq.* 28) :

"This question states the gravamen of the proceeding, which is as to the mental capacity of the young man, and by no rule of evidence can that be made out by an omnibus question which would, in and of itself, permit a witness to establish the case."

We conclude there was no error in overruling the question. The judgment under review is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, CASE, BODINE, DONGES, HETFIELD, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ.   11.

*For reversal*—PARKER, HEHER, PERSKIE, DEAR, JJ.   4.