STANLEY SWEET, an Infant, by BESSIE E. SWEET, His Guardian ad Litem, Respondent, *v.* THE BOARD OF EDUCATION OF THE UNION FREE SCHOOL DISTRICT #9, OF THE TOWN OF LENOX, Appellant.

Third Department, July 1, 1942.

*Coville & Santry [William F. Santry* of counsel], for the appellant.

*Clarence E. Conley,* for the respondent.

HILL, P. J.   Defendant appeals from an order denying its motion made under rules 106 and 107 of the Rules of Civil Practice for an order dismissing the complaint on the ground that plaintiff's remedy for injuries exists only under the Workmen's Compensation Law.   Plaintiff, a minor, was injured by falling through a skylight in defendant's school building, upon which he was working under the direction of the defendant.   It had been determined that he was eligible for work and to receive pay therefor under . the National Youth Administration Act, and he had been assigned to work for the defendant in connection with the maintenance, etc., of the school building.   The complaint alleged that defendant failed in its obligation to keep its premises in a reasonably safe condition, and that plaintiff's injury was caused thereby.

The National Youth Administration Act, ▌ in effect at the time plaintiff received his injuries, stated its purposes *inter alia* to be

" To provide part time employment for needy young persons in schools, colleges, and universities to enable such persons to continue their education." The Workmen's Compensation Law of the State, in effect as of the date of the accident, excluded " persons receiving ' work relief ' and employed on work relief projects under the provisions of chapter seven hundred ninety-eight of the laws of nineteen hundred thirty-one as amended." This part of section 10 of the Workmen's Compensation Law was later repealed. (Laws of 1941, chap. 444, in effect April 15, 1941.) Persons receiving compensation under the National Youth Administration Act were not within the group which was excluded, as they were not employed on work relief projects as therein defined. The failure by the Legislature to make the excluding provision apply to this large National Youth Administration group indicated the intent that the Workmen's Compensation Law would apply to them. Our Workmen's Compensation Law was enacted for the relief and aid of employees engaged in hazardous occupations, and without explicit statutory directions, it would be anomalous to assume, if the relation of employer and employee was established, that the benefits of the State law should be denied those who were receiving special consideration and aid from the United States government.

The defendant is a body corporate, holds the title and has charge and possession of school houses and all school property. (Education Law, §§ 189-g, 310.) It has the duty of caring for the school buildings and property, is responsible for the acts of its agents in connection therewith and is liable for its own or their failure to perform a duty imposed upon it. (*Lessin* v. *Board of Education*, 247 N. Y. 503, 511.) When plaintiff was injured he was working under the direction of the janitor of defendant's school building in connection with its care and operation.

The conduct of schools is a governmental function, paid entirely from public funds, a portion coming from direct tax levies, a portion indirectly from taxes levied and collected by the State, and since the National Youth Administration Act has been in effect, some of the duties of the board of education in connection with the maintenance and care of the buildings has been performed by those eligible under the act, and paid from taxes levied and collected by the United States government. There is little essential difference between the position of the State and that of the Federal government. From the tax levy the State allocates funds to each school; from the tax levy the Federal government allocates funds for the National Youth Administration, and makes payment direct to those who work under the board of education, instead of sending the money and permitting the local authorities to make payments. Plaintiff was under the exclusive control of the defendant, which

if not his general employer, was a special employer. (*Matter of DeNoyer* v. *Cavanaugh*, 221 N. Y. 273. Cf. *Matter of Perry* [*Western Receivers Assn.*], 287 id. 539.)

The order should be reversed on the law and the motion granted.

CRAPSER, BLISS, HEFFERNAN and SCHENCK, JJ., concur.

Order reversed on the law, with ten dollars costs, and motion to dismiss complaint granted, with costs.