JACOB KORENMAN, by LOUIS KORENMAN, His Guardian ad Litem,' Appellant, v. THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Seeger and Scudder, JJ.

LOUIS KORENMAN, Appellant, v. THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Seeger and Scudder, JJ.

MICHAEL LAITMAN, Respondent, v. REBECCA FINER and MURRAY E. LEWIN, Appellants.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Seeger and Carswell, JJ.

HARRY LEMKIN, Appellant, Respondent, v. WILLIAM RAPPEL and IDA RAPPEL, Respondents, Appellants.— Order granting motion to strike out certain paragraphs of the second amended complaint reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The immaterial matter alleged in the complaint cannot be prejudicial to defendants upon the trial of this equity cause. Lazansky, P. J., Young, Kapper, Seeger and Carswell, JJ., concur.

WINIFRED O. McBRIDE, as Administratrix, etc., of MARY T. GALLAGHER, Deceased, Respondent, v. QUINN BURIAL Co., INC., Appellant.— Order denying motion to compel service of amended complaint affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Kapper and Carswell, JJ., concur; Seeger, J., dissents.

MARSHALL McCABE, Respondent, v. ROSOFF HAULAGE COMPANY, Appellant.— Judgment affirmed, with costs. No opinion. Lazansky, P. J., Young and Carswell, JJ., concur; Kapper and Seeger, JJ., dissent and vote for a reversal and a new trial upon the ground that the verdict is against the weight of the evidence upon the questions of negligence and contributory negligence.

MARTIN NEWMAN, Doing Business under the Trade Name of HUB ELECTRICAL SUPPLY COMPANY, Respondent, v. RHEBEM THEATRES CORPORATION, Appellant. PETER GERONIMO, Defendant.— Judgment reversed upon the law and the facts and a new trial granted, costs to appellant to abide the event. Plaintiff was not entitled to a foreclosure judgment as the lien was clearly one against the contractor both under the complaint and from the language of the lien. It was not filed as against the owner upon the theory that the latter was liable for materials furnished after the alleged new promise. There must be a new trial in order to determine what sum, if any, the plaintiff may be entitled to, based upon such materials as were furnished after the alleged new promise, and which may not include materials theretofore furnished unless the promise was in writing. (*Voska, Foelsch & Sidlo, Inc.*, v. *Ruland*, 172 App. Div. 616.) The finding of fact of the making of the new promise is, in our opinion, against the weight of the evidence. Kapper, Hagarty, Seeger and Scudder, JJ., concur; Lazansky, P. J., concurs in result.