SIDNEY GILLMAN, an Infant, by ISAAC GILLMAN, His Guardian ad Litem, and ISAAC GILLMAN, Plaintiffs, *v.* THE CITY OF NEW YORK and the BOARD OF EDUCATION OF THE CITY OF NEW YORK, Defendants.

Supreme Court, Kings County, December 20, 1939.

*Abraham J. Halprin [Irving Barry* of counsel], for the plaintiff.

*William C. Chanler, Corporation Counsel [H. Broadman Epstein* of counsel], for the defendants.

STEINBRINK, J. The infant plaintiff sustained injuries when he fell through a trapdoor below the surface of the floor of the auditorium of the Abraham Lincoln Junior High School. Above the trapdoor and resting on grooves in the floor was an iron grate thirty by thirty-four inches in size and consisting of sixteen bars, weighing in all seventy-six pounds. Although the grate rested securely on the grooves it was fastened by a number of screws. The trapdoor was some three feet or three and one-half feet below the grate. The grate and door were part of the ventilating system.

The accident occurred while several classes were occupying the auditorium for study. One of the students reported to a teacher, who was then standing in the rear of the room, that she had dropped her pencil through the grate. The teacher walked to the front of the room and addressing some of the older students, including the infant plaintiff herein, asked whether they would attempt to retrieve the pencil. The infant plaintiff and another student volunteered. They proceeded to lift the grate and in doing so bent or removed some of the screws which held it in place. After the grate was removed, the plaintiff jumped into the opening, landing upon the trapdoor which flew open and propelled him to a cement floor some twelve or fourteen feet below.

At the end of the plaintiff's case and at the end of the entire case the defendant moved to dismiss the complaint. Decisions on both motions were reserved and the cause was submitted to the jury, which rendered a verdict in favor of the plaintiffs.

There was no claim in the case of improper or unsafe construction or maintenance of the ventilating system. Nor was liability sought to be predicated upon anything the teacher did or failed to do. (See *Lessin* v. *Board of Education,* 247 N. Y. 503, 511; *Katterschinsky* v. *Board of Education,* 215 App. Div. 695.) The plaintiff's claim was that the existence of the trapdoor below the grate constituted a dangerous condition against which the defendants were under a duty to provide adequate safeguards. The iron grate weighing seventy-eight pounds rested securely on the grooves and unless lifted from its position could have provided no means of contact with the trapdoor. The grate was part of the ventilating system; it was not there to be lifted by students. It cannot be said that the risk of injury, under the circumstances here disclosed, was reasonably to be apprehended. (*Korenman* v. *Board of Education,* 224 App. Div. 845.) The fact that a similar accident occurred once before, while coincidental, does not serve to convert the risk into a reasonably foreseeable one.

The verdicts are accordingly set aside and the complaint dismissed on the merits.