ROBERT I. JOHNSON, an Infant, by ALEXANDER E. JOHNSON, His Guardian ad Litem, Respondent, *v.* THE BOARD OF EDUCATION OF THE CITY OF HUDSON, Appellant.

Third Department, November 21, 1924.

Schools — action to recover for injuries suffered by plaintiff, student in manual training department of high school, while using buzz saw — plaintiff's course of instruction did not require use of saw — evidence shows saw was provided with guard which when in place would prevent injury — defendant, board of education, not liable if plaintiff failed to use guard — error to charge that defendant is liable if guard was not in position — court failed to explain under what circumstances defendant would be liable if unguarded belt caused injury — defendant is not liable if plaintiff had no authority to use saw — plaintiff not guilty of contributory negligence as matter of law.

The defendant, a board of education, is not liable to the plaintiff, a student in the manual training department in defendant's high school, who was injured by a buzz saw that he was using, on the theory that the movable guard over the blade of the saw was not in position at the time the plaintiff was using the saw, since it appears that the guard which could be raised and lowered complied with the requirements of the Labor Law and the rules of the Labor Department.

It was error, therefore, for the court to charge that the defendant is liable if the guard was not in position at the time the plaintiff used the saw.

Since the injury was alleged to have been caused by an unguarded belt striking a stick in the hands of the plaintiff and thereby forcing him in contact with the blade of the unguarded saw, the court should have explained to the jury under

what circumstances liability could be charged against the defendant on account of the unguarded belt alone, which the evidence shows was not legally protected. Although the defendant may have been negligent in failing to guard the belt, if that negligence was not a proximate cause of the accident, the plaintiff cannot recover for the injuries suffered.

Furthermore, the defendant cannot be held liable for failure to perform a duty that could not be delegated if the plaintiff at the time of the accident had no authority to use the saw.

It cannot be said, as a matter of law, that the plaintiff was guilty of contributory negligence for, assuming that the jury could find that the plaintiff suffered his injuries because of the failure to guard the belt and while he was endeavoring to place a stick on the saw table, it was for the jury to say whether or not the plaintiff should have realized the danger and that he was likely to receive injuries in consequence thereof.

APPEAL by the defendant, The Board of Education of the City of Hudson, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Columbia on the 10th day of March, 1924, upon the verdict of a jury for $3,708.33, and also from an order entered in said clerk's office on the 12th day of March, 1924, denying the defendant's motion for a new trial made upon the minutes.

*R. Monell Herzberg,* for the appellant.

*Daniel V. McNamee,* for the respondent.

VAN KIRK, J.:

The plaintiff recovered judgment, following the verdict of the jury, against the defendant for injuries received by using a buzz saw while a student in the manual training department in the high school in the city of Hudson. The accident happened on March 4, 1920.

This saw, in the machine room, was operated by electric energy. The power was communicated to the saw by means of a belt, four or five inches wide, the upper stretch of which ran toward the saw. As one was using the saw this belt was at his right. There was a board cover or guard, wider than the belt, extending lengthwise above this belt and about two inches from it; this board was considerably lower than the saw table. There was a movable and a fixed pulley. When the power was on the saw the edge of this belt was about six inches beyond, or inside, the edge of the board guard. There was no board or guard along the side or edge of the belt between it and the saw. It was practicable, and was the practice, to guard such belts on the side. The saw was circular in form and ran through a slit in the top, which I shall call the table, in size thirty by thirty-eight inches. This table was so adjusted that it could be raised or lowered, thus exposing the saw above the table to a greater or less height

in order to cut pieces of different thickness.   The " guide," which was a straight-edge running parallel to the saw and so adjusted on the table that it could be moved back and forth in order to hold the piece being sawed in position to cut it the required width, is not a cause of the injury.   Defendant purchased and furnished a guard or hood for the saw; this hood was in the form of an inclosed segment of a circle.   It could be raised or lowered, so that when the saw was in use, it would rest close to the piece being sawed and completely protect from injury the person using the saw, and was so attached by an arm that it could be swung away from the saw, while remaining attached to it.   The plaintiff was being taught carpenter work and drawing.   The machine room, in which the saw was, adjoined the drawing room in which was the instructor's desk.   At the time plaintiff was injured he was using this saw without the hood over it.   The plaintiff was not pursuing a kind, or course, of instruction which required the use of the saw; he was never instructed in its use and was never given permission to use it.   The defendant had no reason to apprehend that he would try to use it.   He says he had used it before, but it does not appear that this was known to the defendant.

Plaintiff claims that he had cut in two equal parts for desk legs a two by four piece, about six feet long, having his hands upon the piece until it was completely cut through, and, while attempting to place, with his right hand, one piece upon the board or guard over the belt, this piece struck against the belt and was kicked against the other piece still held in his left hand; this threw his left hand against the teeth of the saw causing his injuries. This explanation of the accident is disputed by defendant.   Plaintiff also claims that the hood had not been attached to the saw for some three months prior to the accident; this is likewise disputed.

The decided weight of evidence establishes the fact that the saw was furnished with a hood which was at all times attached to the machine in such manner as to be easily placed over the saw whenever used.   There is no dispute that the saw, so equipped, complies with the requirements of the Labor Law and the rules of the Labor Department, or that, when the hood is properly placed over the saw, the operator cannot receive injuries from the saw.   The belt was not properly guarded.   (See Labor Law of 1909, § 81, as amd. by Laws of 1913, chap. 286; now Labor Law of 1921, § 256; Industrial Code, rule 875 *et seq.*)

In *Herman* v. *Board of Education* (234 N. Y. 196) the Court of Appeals has much aided the solution of this case.   In that case a pupil in the manual training department of a high school " received injuries while operating an unguarded buzz saw as a part of his

Third Department, November, 1924.          [Vol. 210

school work." The question presented was whether the defendant could escape liability because it was a governmental agency. It was not sought to charge the defendant with the negligence of its subordinates or employees. The court held that, while the individual members of the board were immune from liability, the board of education, a corporate body, though a governmental agency of the State, is not immune from liability for its torts. The court said: " The State has not created an irresponsible instrumentality of government and invested it with the power to put children at work at dangerous machinery which it would be a statutory offense against its laws to use in private industries. (Labor Law, § 256; L. 1921, ch. 50.)   *   *   *   Where the corporate body acts for itself and not through the agency of its officers and employees, it is bound to act with due regard for the safety of the children and others in its care in the discharge of those duties imposed on it by law, which are not delegated or delegable to others." The *Herman Case* (*supra*) is distinguished from the case at bar by these facts: there the pupil was permitted to use the saw, had been fully instructed as to its use and warned of the dangers in using it, and particularly no guard for the saw had been furnished. The court held that the board of education, being the agency to which the State delegates the power and duty of controlling the schools in the district, was negligent in failing to furnish, with a dangerous machine, proper equipment for safety while using it. It did not hold that, where a board of education, which had control of a manual training department in a school, had furnished a dangerous machine equipped with proper safeguards, it was liable for injuries received by a student who had failed to place the guard furnished for the buzz saw over the saw when he was using it. The court said, in connection with this subject, the board is not liable for the torts of its " agents and contractors, unless such liability has been assumed or imposed by law; " and quotes from *Maxmilian* v. *Mayor* (62 N. Y. 160, 169), " where the duty is upon the city itself and not upon public officers appointed by it, where it accepts the duty and the power to perform it,   *   *   *   or undertakes to set about it by its own agents, then, for negligent omission to do or for doing in a negligent way, it may be liable; " and says this rule has been applied to boards of education. And further, " The board of education is the agency to which the State delegates the power and duty of controlling the schools in the district." The question then presented in this case, which was not in the *Herman Case* (*supra*), is whether or not the duty is imposed upon the board by the statute, which gives it control of the school, to actually supervise the details of the work in the school.   (See

Education Law, art. 33-A, added by Laws of 1917, chap. 786, as amd.; Id. § 600 *et seq.*, as amd. by Laws of 1919, chap. 531; Id. § 300.) Is this a duty not delegable to others? The board of education is a body corporate; it is distinguished from its individual members; they are in no wise liable. The board of education can act only as a body. It is not called upon to, and it cannot, instruct in the schools. It is not intended that, as a board, it should be present in the schools when instructions are being given. It must necessarily give instructions through its employees, the teachers employed. It has never assumed to instruct and directly control the details of instruction and work in the manual training school. This duty to instruct and control in the school work, therefore, must be a delegable duty. As between master and servant the rule is settled in this State that, where the master has furnished reasonably safe tools and appliances and has furnished machinery properly equipped and guarded, it is not liable for injuries received by an employee who fails to use such tools and appliances. (*Dougherty* v. *Milliken*, 163 N. Y. 527; *Foster* v. *International Paper Co.*, 183 id. 45; *Dowdell* v. *Lackawanna Steel Co.*, 198 id. 362.) Also the general rule is that, in the case of an institution or body corporate like a board of education, the rule of *respondeat superior* does not apply. (*Herman* v. *Board of Education, supra,* 199.) We conclude, therefore, that, under the evidence here, this defendant was not liable for these injuries, if the unguarded saw or the failure to place the guard over the saw were the sole cause of the accident.

The plaintiff, however, claims that the unguarded belt was a proximate cause of the injuries. The injury itself was caused by the speeding saw. The reason it did the injury was that it was unguarded; there would have been no contact between the plaintiff's hand and the saw if the saw had been guarded. Nor in this case, if the plaintiff's explanation of the accident is accepted, would there have been such contact had not one piece of the stick sawed come in contact with the unguarded belt. The unguarded saw and the unguarded belt each is a cause without which the accident would not have happened. No act of a third party intervened. The defendant was responsible for the unguarded belt. It is established that there may be two proximate causes of an injury. " Where concurrence in causes is charged, the test is, simply, could the accident have happened without their co-operation? " (*Sweet* v. *Perkins*, 196 N. Y. 482, 485.) The unguarded belt was a co-operating cause of the accident, if we accept plaintiff's explanation. (*Leeds* v. *New York Telephone Co.*, 178 N. Y. 118, 121.)

The court submitted to the jury the negligence of the defendant in respect to the buzz saw and the unguarded belt. In denying the motion to set aside the verdict the trial court said: "It may be that the weight of the evidence is to the effect that the guard was attached to the buzz-saw machine at the time of the accident, but the evidence is clear that the guard was not over the saw at that time. The jury could find the defendant guilty of a breach of its duty, not merely because a guard was not provided, but because, if provided, it was permitted to be so attached to the machine that it performed no protective function." In this holding and the charge with like meaning, we think the trial court was in error. The jury may well have understood that the defendant could be held liable because of negligence of teachers in failing to see that the hood was placed over the saw whenever a pupil used it. The jury should not have been allowed to find defendant negligent on the ground that the saw was not at the time properly equipped. But there remained the unguarded belt. The court did not explain to the jury how or under what circumstances liability could be charged against the defendant on account of the unguarded belt alone. It was the unguarded saw that was made prominent. If the attention of the jury had been called to the fact that the saw, with the hood attached with a movable or adjustable arm as was this one, was a properly guarded saw, that the defendant is not responsible for the negligence of its teachers or employees, and that with this hood properly placed over the saw, plaintiff's hand could not have been injured, a different verdict might have been rendered. The jury might have considered the testimony of the two boys who say they were in the machine room at the time and who contradict the plaintiff's version as to how the accident happened; the jury might not have been willing to find that plaintiff struck the stick against the edge of this belt, since the edge of the belt when attached to the fixed pulley, which operated the saw, was some six inches within the edge of the board which guarded it, and the board was considerably lower than the table of the saw, while the belt was not more than two inches below the board. Though the defendant was negligent in failing to guard the belt, if that negligence was not a proximate cause of the accident, plaintiff could not recover therefor. We appreciate that there was no exception taken to the charge of the court, nor were any requests to charge made by the defendant. It was a difficult case to present to the jury; but, considering the entire record, we feel at this point in the discussion that, in the interests of justice, the verdict should be set aside as against the weight of evidence.

There is a further consideration. The defendant could not be held liable for failure to perform its duty, except in case of a person to whom it owed the duty. Certainly the duty of the board of education to guard the saw and the belt did not run in favor of a stranger to the school, a boy from the street for instance. Nor did it run in favor of a student of the high school not connected with the manual training department. The board of education itself could not be present to insure that persons not authorized to use the saw should be restrained from using it. Whatever duty of this character existed must have been a delegable duty. We have not in this case the testimony of the instructor in the manual training department, or the superintendent of the school, because each had died before the trial. There are intimations in the record, though no competent proof, to the effect that only certain students in the manual training department of the school were permitted to use the saw. If it be a fact, and in a new trial evidence in this respect may be had, that this plaintiff was not permitted to use this saw, we think that as to him the defendant could not be held to have failed in a duty not delegable.

We do not think it can be said as a matter of law that plaintiff was guilty of contributory negligence. We have examined the authorities cited by the appellant, particularly *Tucker* v. *N. Y. C. & H. R. R. R. Co.* (124 N. Y. 308) and *Ogley* v. *Miles* (139 id. 458), and do not think them controlling here. Assuming that the jury should find that plaintiff received his injuries because of the failure to guard the belt and while attempting to place a piece of the stick which he had just sawed upon the top of the board, we think it was for the jury to say whether or not the plaintiff should have realized the danger and that he was likely to receive injuries in consequence thereof.

We have examined the rulings and exceptions, to which the appellant calls attention, but find none on which we should comment, further than to remark that questions and answers as to a table which had been placed back of the saw since the time of the accident and why the defendant had not placed such a table there prior to the accident are likely to be prejudicial and should not be presented to the jury.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concur.

Judgment and order reversed on the law and facts and new trial granted, with costs to the appellant to abide the event.