# THIRD DEPARTMENT, MAY, 1931.

JOSEPH STONE and Others, Respondents, v. CHARLES WEIDY and Others, Appellants.*

Appeal from a judgment of the Supreme Court entered in the St. Lawrence county clerk's office on May 21, 1930; and also from an order entered on May 31, 1930.

Judgment and order affirmed, with costs. All concur, except Van Kirk, P. J., dissenting with a memorandum in which Whitmyer, J., concurs.

*Affd., 257 N. Y. 602.

VAN KIRK, P. J. (dissenting). The jury has found that, on August 1, 1928, plaintiffs leased to defendants certain premises for store purposes for a period of ten months at $100 per month. The defendants did not enter into possession. About the middle of September following plaintiffs leased these premises to a third party for a period of six weeks for $100. The third party occupied the premises for the period and paid the rental. This second lease was made without notice to, and without the knowledge or consent of, the defendants. The action is to recover the rent for the entire period of the first lease. Under an erroneous charge, not excepted to, the court permitted the jury to render a verdict for $900, the rent for the entire period, less the $100 paid. Under a rule generally approved this charge of the court became the law of the case and cannot be reviewed upon an appeal from the judgment. But, upon an appeal from an order denying a motion to set aside a verdict and for a new trial, the trial court or the Appellate Division in its discretion and in the interests of justice, if it is deemed that a fair trial has not been had, may reverse the order and grant a new trial. (*Miller* v. *Barnett*, 158 App. Div. 862, 868; *Alden* v. *Knights of Maccabees*, 178 N. Y. 535, 541; *Johnson* v. *Board of Education*, 210 App. Div. 723, 728; *Haefeli* v. *Woodrich Engineering Co.*, 255 N. Y. 442, 445.) The court charged that it was the duty of the plaintiffs to minimize their damages by reletting the premises; that the law requires them so to do. The rule there stated has no application to a contract for lease of real property. Without an agreement, either express or implied, on the part of the lessee, the lessor has no right to relet the premises during the term of the lease and, having done so, he could not hold the lessees responsible for rent after the beginning of the second lease. (*Gray* v. *Kaufman D. & I. C. Co.*, 162 N. Y. 388; *Sancourt Realty Corp.* v. *Dowling*, 220 App. Div. 660; *Gray* v. *Kaufman D. & I. C. Co.*, 9 id. 115, 119; *Gaffney* v. *Paul*, 29 Misc. 642.) It is true that the jury found that an oral lease had been made, but defendants strongly contested this question and there are some indications of good faith in this contention. In addition to a direct denial that the lease was made, it appears that defendants never entered, or attempted to enter, into possession of the premises; and plaintiffs say that one of the defendants, at the time he agreed to lease the store, said he would go home and return with a check, but he never returned and plaintiffs never heard from any of the defendants thereafter. Of course plaintiffs knew that defendants could not occupy the premises while they were occupied by the second tenant. The charge was a strong appeal to the jury; they were reminded that plaintiffs attempted to decrease the recovery by reletting the premises. This would appeal as being a generous impulse. Under the erroneous charge plaintiffs were allowed to recover six times the amount they could have recovered had the law been correctly charged. Evidently no loss was sustained because the first lease hindered relettings. This court in the exercise of its discretion and in the interest of justice, deeming that a fair trial has not been had, should reverse the order, with ten dollars costs and disbursements and grant the motion, with ten dollars costs, unless plaintiffs stipulate to reduce the verdict to the sum of $150, and pay the costs; in which event the order should be affirmed, without costs. Whitmyer, J., concurs.