ORVILLE A. HINES, an Infant, by ALBERT HINES, His Guardian ad Litem, and ALBERT A. HINES, Individually, Plaintiffs, *v.* BOARD OF EDUCATION OF THE CITY OF NEW YORK, Defendant.

Supreme Court, Trial Term, New York County, February 13, 1939.

*Arthur A. Beardsley [Roy Berlin* of counsel], for the plaintiffs.

*William C. Chanler [Benjamin Gold* of counsel], for the defendant.

McNAMEE, J. The infant plaintiff was a pupil in grade 3-b of a public school in the city of New York, as was another boy less than eleven years old whose christian name was Henry. On November 11, 1930, as the pencil boxes belonging to the respective pupils were being distributed to them in the morning according to custom, by passing them from seat to seat, Henry's box came to the hands of the infant plaintiff by mistake. When it finally came to the possession of Henry, without cause in so far as the evidence shows, Henry struck the infant plaintiff with the box from which was protruding a pen point. The pen point entered the infant plaintiff's eye and inflicted a serious injury. The

evidence does not indicate any specific intention on Henry's part to strike with the pen point.

The plaintiffs contended that Henry was of low mentality, and of vicious tendencies, and in need of special care and discipline in school; and that accordingly he should have been placed by the board of education in a special or ungraded class for the safety of the other pupils; that this was the immediate duty of the board; and the failure to do this was negligence and the proximate cause of injury. In making this claim of negligence the plaintiffs rely particularly on sections 578, 624 and 868 of the Education Law.

Plaintiffs insist that the duty to provide special classes for mentally retarded pupils, and to separate children accordingly, were duties imposed by the statute directly upon the board of education, and that these duties were not delegable; and that in so far as the board intrusted these duties to others, the board itself, in legal effect, was performing those duties; and that the negligence of the agents to whom such duties were intrusted was imputable to the board. (Citing *Lessin* v. *Board of Education*, 247 N. Y. 503.)

Section 578 is a part of article 20-B of the Education Law and has to do with children of retarded mental development. That section provides that a board of education, in a city in which there are ten or more children retarded in mental development, " shall establish such special classes as may be necessary to provide instruction adapted to the mental attainments of such children." The uncontradicted evidence is that the city of New York had established more than one hundred seventy such classes and thus met the obligation imposed. No other duty was imposed by that section.

Section 624 is a part of article 23 of the Education Law and has to do with compulsory education. There it is provided that children who are not possessed of proper mental condition are not required to attend upon public instruction, and also that if the mental condition of a child is such as to endanger the safety of himself or other children, or is so feeble-minded that he is unable to benefit from instruction, he shall not be permitted to attend. And it is further provided in that section that a determination of this mental condition shall be based on " actual examination of the minor made by a person or persons qualified by appropriate training and experience," and in the city of New York the person to make the examination shall be designated by the superintendent of schools. This section casts no direct duty on the board of education either to determine the mental condition of children or to exclude them from the class. The psychologist who is to make the examination shall be designated by the superintendent

of schools and not by the board. And it was neither pleaded nor proved that the person intrusted with the examination was not qualified by proper training and experience. (*Garber* v. *Central School District No. 1*, 251 App. Div. 214.) And the enforcement of the compulsory education provisions is placed under the supervision of the State Commissioner of Education (§ 643). I do not find in these sections any warrant for the contention that the segregation of the mentally retarded students into special classes is the duty of the board any more than a corresponding duty is imposed upon the board for the classification, promotion or transfer of other pupils. It is not reasonable to presume that a board of education is qualified either by training or experience to determine the intelligence quotient or the mental development of children. And, as before noted, no proof established the incompetence of those designated to perform that work.

Section 868 is part of article 33-A of the Education Law, which has to do with boards of education in cities, and requires the performance of duties " imposed upon boards of education or trustees of common schools," and the promotion of the best interests of the schools. I find no provision in this section defining generally the powers and duties of a board of education, which requires either the examination, supervision or transfer of the pupils in the public schools.

No proof was submitted that any of the teachers or other persons in a supervisory capacity in the school in question, or related thereto, was incompetent to perform the duties assigned, which in any way affected the infant plaintiff. When the board appointed competent teachers, supervisors and examiners, it had performed its duty under the statute, in so far as applicable to this case, and the negligence, if any, of these was not imputable to the board. The doctrine of *respondeat superior* did not apply. (*Johnson* v. *Board of Education*, 210 App. Div. 723, 727; *Katterschinsky* v. *Board of Education*, 215 id. 695; *Garber* v. *Central School District No. 1*, 251 id. 214.)

The proof showed that Henry had been examined by the psychologist designated by the superintendent, and found not suitable for a special class, and accordingly he was left in a regular class. There was no proof to justify the charge that Henry was generally vicious or was prone to assault others, despite the altercation which was pleaded. It was the first instance of the kind that had occurred.

Plaintiffs' motion to set aside the verdict on the ground of inadequacy and for a new trial is denied. Defendant's motion to set aside the verdict and to dismiss the complaint on the merits is granted.