Jimmy Napier, a Minor, by Orlena Napier, His Mother and Next Friend, Plaintiff-Respondent, v. Angelo DiCosola, Willett Motor Coach Co., and Sam Solomone, Defendants-Petitioners.

Gen. Nos. 52,756, 52,759. (Consolidated.)

First District, First Division.

June 15, 1970.

Rehearing denied July 13, 1970.

McKenna, Storer, Rowe & Haskell, of Chicago (John W. Storer and John D. Daniels, of counsel), for defendants-petitioners, Sam Solomone and Willett Motor Coach Company.

Vogel & Vogel, of Chicago (Robert C. Vogel and Robert Guritz, of counsel), for defendant-petitioner, Angelo DiCosola.

Lloyd P. Douglas, of Chicago (Lloyd P. Douglas and Gerald M. Chapman, of counsel), for plaintiff-respondent, Jimmy Napier.

MR. JUSTICE ADESKO delivered the opinion of the court.

Plaintiff, Jimmy Napier, a deaf-mute since birth, aged 6 years and 4 months at the time of the occurrence, was a passenger in defendant Willett's bus, returning from a school for handicapped children. Codefendant, Sam Solomone, was the driver of the bus. Jimmy lived at 2117 West Ohio Street on the south side of the street, about three doors west of the intersection with Hoyne Avenue, in Chicago. On October 6, 1961, about 3:50 p. m., the bus arrived at the intersection, having travelled north on Hoyne Avenue, a four-lane street, including parking lanes on each side. The bus stopped at the southeast corner. There was no one waiting for Jimmy. The driver stopped the bus and angled it across the north and southbound lanes to block both lanes of traffic. He activated the red flasher lights on top of the bus and extended the "stop signal" out from the left side of the bus.

Defendant, Angelo DiCosola, was driving his car south on Hoyne Avenue and stopped at the northwest corner of Ohio Street. Solomone motioned Jimmy to get off the bus which he did. He walked to the west curb, looked back toward the bus, waving to the children on the bus. He stepped up on the west curb of Hoyne Avenue and stepped down into the street into the path of a southbound car. Defendant, DiCosola, had started his car forward toward an empty parking space south of Ohio Street in the west parking lane of Hoyne Avenue. Solomone saw this and blew his horn and yelled. Di Cosola's car struck Jimmy, who was then two feet from the west curb in the crosswalk. The car stopped immediately upon impact.

Jimmy was taken to the hospital, but allowed to go home after receiving first aid. His face and arms were cut and he had bruises on his hip and leg. He seemed unsteady and had difficulty standing up. He was taken back to the hospital where he remained until the next day. A doctor's diagnosis at the hospital was "Abrasions and contusions, right elbow. Contusions of right thigh. Possible brain concussion, mild."

After this occurrence, Jimmy did not get along with his brothers and sisters or the other children. Electroencephalograms were made of Jim on December 14, 1964, and August 10, 1967. The doctor's opinion at that time was that Jim had an epileptic process, initially located at the left temporal area, but subsequently involving both the temporal and parietal areas of the left side. The doctor indicated that with increasing time and age, an epileptic process increases. The doctor testified that Jim's injuries could be caused by the occurrence involved.

Suit was filed on August 27, 1962, against Willett, DiCosola and Solomone. All of the defendants denied liability. Motions of all the defendants at the close of

plaintiff's evidence and at the close of all the evidence were denied. The cause was submitted to the jury which returned a verdict finding each of the defendants not guilty, and judgment was entered thereon.

Plaintiff's post-trial motions for judgments notwithstanding the verdict against each and all of the defendants and for a new trial as to damages only were denied. On November 22, 1967, the trial court granted plaintiff's motion for a new trial on all the issues as to all defendants.

Petitioners', Willett Motor Coach Co., and Sam Solomone, petition for leave to appeal maintains that the trial court's ruling granting a new trial was based either on an erroneous determination of law or constituted an abuse of discretion in usurping the function of the jury.

Petitioner Angelo DiCosola's petition for leave to appeal raises the question whether there is any justification in the law for the trial court's decision granting the plaintiff a new trial.

Plaintiff filed notice of cross appeal in order to protect the issues arising upon the denial of his motion for judgment notwithstanding the verdict as to the issue of liability.

The record of this appeal presents several factual evidentiary disputes. Did Jimmy Napier, after leaving the bus, walk in front of the bus or in back of it? There is a conflict in the testimony as to whether Sam Solomone, the bus driver, was directed to deliver the boy in front of his home or at the nearest corner under certain circumstances. Who gave Sam Solomone such a directive? Was it his employer, the boy's mother, or the principal of the school which Jimmy Napier attended? The jury heard all of this conflicting testimony and reached a verdict.

■■ In Kahn v. James Burton Co., 5 Ill2d 614, 126 NE2d 836 (1955), the court said at page 623:

327

"A verdict will not be set aside merely because the jury could have found differently or because judges feel that other conclusions would be more reasonable. (Lindroth v. Walgreen Co., 407 Ill 121.) In the trial of a law suit, questions of one's due care, another party's alleged negligence and the proximate cause of such injured party's injuries and damages are pre-eminently questions of fact for a jury's determination. Under our system of jurisprudence, jury determinations can be set aside only when a court of review, or a trial court upon proper motion, is clearly satisfied that they were occasioned by passion or prejudice or found to be wholly unwarranted from the manifest weight of the evidence."

In Ney v. Yellow Cab Co., 2 Ill2d 74, 117 NE2d 74 (1954), at page 83, Justice Maxwell said:

"Certain facts may exist which a jury of reasonable men would consider as determinative in leading to a conclusion of liability or nonliability, all according to the circumstances of the particular case."

Also, in the Ney case, at page 84, the Supreme Court said:

"Questions of negligence, due care and proximate cause are ordinarily questions of fact for a jury to decide. The right of trial by jury is recognized in the Magna Charta, our Declaration of Independence and both our State and Federal constitutions. It is a fundamental right in our democratic judicial system. Questions which are composed of such qualities sufficient to cause reasonable men to arrive at different results should never be determined as matters of law. The debatable quality of issues such as negligence and proximate cause, the

328

fact that fair-minded men might reach different conclusions, emphasize the appropriateness and necessity of leaving such questions to a fact-finding body. The jury is the tribunal under our legal system to decide that type of issue. To withdraw such questions from the jury is to usurp its function. Bailey v. Central Vermont Railway Co., 319 US 350."

The trial judge in considering the questions raised by the motion for judgment notwithstanding the verdict denied it and said:

"So the question now is whether or not I can say that no reasonable mind could conclude other than that Solomone was negligent. In other words, whether or not that constitutes negligence as a matter of law. I don't think it is for me under those circumstances to say what I would do if I were the finder of fact. I cannot say as a matter of law that these facts make him guilty of negligence."

██ The evidence in this case presents a jury question upon which reasonable men might differ. The trial court erred in vacating the verdict and ordering a new trial. The issue of negligence and proximate cause were properly submitted to the jury and its verdict was within the manifest weight of the evidence.

Our decision above makes it unnecessary to consider plaintiff-respondent's cross appeal. The trial court's order granting a new trial as to all defendants is reversed and the judgment entered on the jury verdict is hereby reinstated.

Order granting a new trial reversed.

BURMAN, P. J. and MURPHY, J., concur.