LAWRENCE MATTEUCCI, a minor, by Bruno Matteucci, his father and next friend, Plaintiff-Appellee, *v.* HIGH SCHOOL DISTRICT No. 208, Cook County, Defendant-Appellant.

(No. 55366;

First District—March 13, 1972.

Kirklan, Ellis, Hodson, Chaffetz & Masters, of Chicago, (Donald J. Duffy, of counsel,) for appellant.

Leonard M. Ring, of Chicago, for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Lawrence Matteucci, a minor, appearing by his father (plaintiff) brought action for personal injuries against High School District No. 208 of Cook County, Illinois (defendant). A jury returned a verdict for plaintiff. Judgment was entered thereon and defendant appeals.

We need not detail all of the testimony of the various witnesses. Defendant's brief succinctly summarizes the factual situation in one sentence: "The plaintiff, a student of the age of 14 years 11 months injured his hand in a high school wood shop class when he was using a bench saw without using the blade guard attached." Additional pertinent facts will be stated as required in considering the contentions raised by defendant.

Defendant's basic proposition is that the court erred in denying its motion for a directed verdict at the close of all the evidence. This, in turn, involves subsidiary points: (1) The evidence failed to show negligence by defendant in supervision and instruction to plaintiff in safe operation of the saw. (2) The evidence fails to show that negligence of defendant was the proximate cause of plaintiff's injury. (3) The evidence showed plaintiff guilty of contributory negligence as a matter of law. Defendant also urges that the trial court erred: (4) in overruling defendant's objection to evidence concerning an injury to another student using a different machine; (5) in overruling defendant's objection to evidence concerning a different type of guard for the saw; and (6) in giving a faulty instruction upon the disputed issues of fact. These contentions will be considered in order.

Proceeding first with the issue regarding proof of negligence of defendant, we will summarize the evidence, noting conflicts where they exist. Plaintiff was a high school student in a basic wood shop course extending for 18 weeks. This included the use of appropriate machines such as saws, lathes and jointers. There were about 24 students in the class. The injury occurred while plaintiff was using a circular bench saw operated by electric power. This machine has a metal table with a slot for protrusion of the circular blades. One blade is for ripping or cutting wood with the grain and the other is for cutting across the grain. Either blade is selected by the operator and it may be raised or lowered as required. There is a metal guide on the top surface of the machine.

This guide can be adjusted by the operator to set the correct width of the cut. For safety reasons, this particular machine was also fitted with an aluminum guard above the saw blade. This guard had a counterweight so that it could be adjusted by being raised or lowered.

The teacher testified that the jointer and the bench saw were the most dangerous machines in the shop. They were close together so that "they could be easily observed" by the instructor. His testimony was that it was rather important to give close supervision to students using this equipment. He testified that he demonstrated the proper use of the bench saw to the entire class and that he "checked out" most students on the bench saw, including plaintiff. The witness also wanted to stand by each individual student when they were using the machine. In addition, the teacher testified that he used, in this class, a textbook explaining safety procedures for the machines. Also a list of safety rules for the bench saw was mimeographed and given to the students at the inception of the course. These rules advised use of the metal guard on the bench saw.

The teacher testified that he instructed the students on use of the guard. He had only operated the machine without the guard on very rare occasions, to cut at an unusual angle. He had seen students attempt to use the saw without the guard but had never seen any student actually operate this machine without the guard. He testified that permission was required from him before the students could use this machine. On the day in question, he knew that plaintiff was working on his project, a set of legs for a coffee table. He also knew that use of the bench saw by plaintiff was necessary to complete the project. The teacher testified that on the day in question he was working with other students in the classroom about 25 feet from the saw.

On the contrary, plaintiff testified that permission was not required for use of the machine by any member of the class. Three other witnesses, who were students in the class, also testified that permission from the instructor was not required before using the machine. There was testimony that some students had used the bench saw without prior permission and without the teacher standing at their side. One student testified that he received no individual instruction on use of the machine. Plaintiff also testified that he had used the machine on two prior occasions and that he had always used it without a guard. He had seen other members of the class as well as the instructor use the machine with the guard raised up out of the safety position. Other witnesses testified that they had seen students use the saw without the guard.

It must be conceded that the circumstances in this case placed a duty

of due care upon the instructor. Safe use of this dangerous instrumentality certainly required due care from the instructor with reference to instruction of the students as to proper use of the machine and proper supervision to enforce necessary rules of safety. As stated by counsel for defendant in their brief, there is a paucity of authority in Illinois on this precise question because of the ancient doctrine of tort immunity for school districts, not abolished until the decision in *Molitor v. Kaneland Community Unit District No. 302*, 18 Ill.2d 11, 163 N.E.2d 89. Perhaps the closest case on the facts is *Ridge v. Boulder Creek Union High School District*, 140 P.2d 990, cited by plaintiff. There, in a rather similar situation, the defendant School District was held liable for injuries to a student. There was testimony that the injured student was never instructed not to use the saw without the safety guard and also that "* * * the instructor and other students used the saw without the safety devices on some occasions." 140 P.2d 990, 991.

Defendant cites and relies upon *Johnson v. Board of Education of the City of Hudson*, 210 App.Div. 723, 206 N.Y. Supp. 610 where the School District was held not liable. There, in direct contrast to the facts at bar, the injured student "* * * was not pursuing a kind, of course, of instruction which required the use of the saw; he was never instructed in its use and was never given permission to use it." 210 App.Div. 723, 725.

■■ However, in both of these cases, and in other authorities cited by plaintiff, the existence of the duty of due care on the part of defendant and the instructor as its agent, seems clearly defined and accepted. We hold specifically that, in circumstances as shown by this record, where a high school class is obliged to use admittedly dangerous machines, there is a duty upon the instructor, as agent of the school, to exercise due care in instructing the students in safe and proper use of the machines and also a duty to exercise due care in proper supervision of the students in use of the machines as a part of regular school activities.

■■ The issue here, therefore, becomes factual as to whether defendant's agent breached its duty of due care and was thus guilty of negligence or whether its agent acted in a reasonable manner so as to eliminate liability. As above shown, this record presents conflicting evidence as to very important facts regarding both instruction and supervision by the teacher. Under these circumstances, the issue of negligence was one of credibility for determination by the jury. (*Noncek v. Ram Tool Corp.*, 129 Ill.App.2d 320, 327, 264 N.E.2d 440.) In such a case, we cannot substitute our judgment for the verdict. (*Napier v. Di Cosola*, 126 Ill. App.2d 324, 327—329, 261 N.E.2d 779.) We find in this regard that the

verdict is not contrary to the evidence but that it is supported by a preponderance of the evidence. Under the *Pedrick* standard, the court did not err in denying defendant's motion for a directed verdict on this ground. *Pedrick v. Peoria and Eastern Railroad Co.,* 37 Ill.2d 494, 229 N.E.2d 504.

The next issue raised by defendant is lack of proximate cause. On this aspect of the case, the evidence shows that, immediately after the process of using the saw, plaintiff turned off the power and walked around the machine. His feet slipped on some sawdust, "or it could have been anything." As his feet came out from under him and he started to fall, he attempted to catch himself and his hand came in contact with the blade of the saw, which was still revolving. Defendant argues that plaintiff had produced sawdust in the vicinity of the machine by his own act. The evidence as to the presence of sawdust was uncontradicted. Defendant thus contends that plaintiff's own conduct was either the sole proximate cause of his injury or at least a "concurring" cause thereof.

■■ The correct rule defining proximate cause is simply stated. A decision often cited in this regard is *Ney v. Yellow Cab Co.,* 2 Ill.2d 74, 79, 117 N.E.2d 74, 78, where the court used this language:

"The injury must be the natural and probable result of the negligent act or omission and be of such a character as an ordinarily prudent person ought to have foreseen as likely to occur as a result of the negligence, although it is not essential that the person charged with negligence should have foreseen the precise injury which resulted from his act."

■■ Application of this apparently simple rule may cause problems. However, as a general rule, determination of the proximate cause of an injury is a question of fact to be resolved by the jury from a consideration of all the evidence. (*Walsh v. Dream Builders, Inc.,* 129 Ill.App.2d 280, 290, 264 N.E.2d 247; *Sundin v. Hughes,* 107 Ill.App.2d 195, 203, 246 N.E.2d 100.) The evidence here left room for difference of opinion on this issue between reasonable men. Under circumstances of this type, the question of proximate cause is definitely for the jury. (See *Madison v. Reuben,* 128 Ill.App.2d 11, 16, 262 N.E.2d 794, citing *Ney.*) The jury was amply justified in finding that accumulation of sawdust beneath a machine of this type was reasonably foreseeable so that it did not constitute an independent, intervening cause of plaintiff's injury and did not break the causal connection. (*Czochara v. Howard Parlor Funiture Co.,* 117 Ill.App.2d 253, 261, 254 N.E.2d 546.) The trial court acted properly in refusing to direct a verdict for defendant on this ground.

■■ The next contention of defendant revolves about the claim of

contributory negligence. Plaintiff had used this dangerous device only twice before but he knew of the risk inherent in its use. Plaintiff's own testimony shows that he knew that the machine was provided with a guard for safety reasons but failed to use it. However, the difficulty with defendant's argument is the standard to which plaintiff, as a minor 14 years old, must be held. The evidence is clear that plaintiff was average or a little below but was not a slow student. In *Madison v. Reuben,* 128 Ill.App.2d 11, 18, 262 N.E.2d 794, this court held:

"At the time plaintiff was injured she was ten years old and was required to exercise that measure of care for her own safety which a reasonably careful person of the same age, intelligence, capacity and experience would exercise under the same or similar circumstances. *Hartnett v. Boston Store of Chicago,* 265 Ill. 331, 106 N.E. 837; *Wegler v. Luebke,* 87 Ill.App.2d 82, 231 N.E.2d 109; *Wolf v. Budzyn,* 305 Ill.App. 603, 27 N.E.2d 571; *Pence v. Hines,* 221 Ill.App. 584. Whether plaintiff exercised due care for her own safety was for the trier of fact to decide. *Dickeson v. Baltimore & O.C.T.R. Co.,* 42 Ill.2d 103, 245 N.E.2d 762; *Maskaliunas v. Chicago & W.I.R. Co.,* 318 Ill. 142, 149 N.E. 23."

The issue of existence of contributory negligence was one for the jury. (See *Baran v. City of Chicago Heights,* 43 Ill.2d 177, 181, citing *Pedrick v. Peoria and Eastern R.R. Co.,* 37 Ill.2d 494, 229 N.E.2d 504. See also *Ridge v. Boulder Creek Union High School District,* 140 P.2d 990, 993.) The trial court acted properly in denying the motion to direct the verdict for defendant on this ground.

Over objection by defendant, the trial court permitted testimony that another student suffered a hand injury in the use of the jointer machine several weeks before the occurrence involving plaintiff. Defendant concedes that where such testimony tends to show that the common cause of an injury is a dangerous instrumentality, evidence of other accidents is competent for the limited purpose of showing knowledge of the condition by the person having the instrumentality in his charge; provided that a reasonable similarity exists between the two incidents. In this regard, defendant cites and relies upon *Moore v. B., D. & C. R.R. Co.,* 295 Ill. 63, 128 N.E. 721, where such testimony was held prejudicial because there was no proper proof of similarity, that the railroad crossing was dangerous for vehicles approaching it from the direction opposite to that taken by plaintiff in the case before the court.

■■ However, this distinction does not exist in the case at bar. The instructor's evidence is that the jointer and the bench saw were the two most dangerous machines in the room. These machines were placed close

together in one area of the room. Both of them thus created one common danger to all students and constituted one common source of the duty to exercise due care in instruction and supervision of the students. The prior occurrence was, therefore, competent evidence of a warning to defendant of the existence of a danger which required adequate means for protection of plaintiff and other students. (*Moore v. Jewel Tea Co.*, 116 Ill.App.2d 109, 129, 253 N.E.2d 636; affirmed 46 Ill.2d 288, (N.E.2d). See *Budek v. City of Chicago*, 279 Ill.App. 410, 422 and *City of Taylorville v. Stafford*, 196 Ill. 288, 290.) See also *Smith v. City of Rock Island*, 22 Ill.App.2d 389, 399, (N.E.2d).

Furthermore, the teacher testified in some detail to precautions taken by him in instruction and supervision and the students in use of the dangerous machines. Therefore, the assailed evidence had independent probative value and was competent because it tended to rebut his testimony. For these reasons, we conclude that the trial court ruled properly in receiving evidence of the prior occurrence.

■■ The evidence shows that the aluminum guard provided for this machine, not being transparent, made use of the machine more difficult. It prevented the operator from seeing exactly where he was cutting. Thus, any markings placed by the operator on the board could not readily be followed with precision by him when the metal guard was down in a safe position. See *Ridge v. Boulder Creek Union High School District*, 140 P.2d 990 at 993—994, cited by plaintiff. Defendant objected to the ruling of the trial court permitting evidence which showed that plastic guards costing slightly over $50 were available for use with this type of saw.

Defendant urges that the availability of a different type of guard has no significance because plaintiff operated the machine without any guard. This contention begs the question. Plaintiff's position is that if the convenient plastic guard, so readily available, had been provided, plaintiff would have used it. In this regard, we find that the testimony of availability of this guard was competent under the facts and circumstances in the case at bar. *Moren v. Samuel M. Langston Co.*, 96 Ill.App.2d 133, 146, 237 N.E.2d 759.

■■ Defendant's remaining argument is directed at plaintiff's given Instruction No. 11. This was an instruction detailing the issues for the jury. (IPI Civil 20.01.) In this court, defendant objects to specified subparagraphs of this instruction. But, at the conference on instructions, defendant did not object to two of these subparagraphs. Since no objection was raised to these portions of the instruction at the conference, we may not consider their propriety. The question has not been preserved

718

for review. Supreme Court Rule 239(b); *Delany v. Badame,* 49 Ill.2d 168, 178, citing *Barrett v. Fritz,* 42 Ill.2d 529, 532, 248 N.E.2d 111.

■■ As regards all remaining objections here raised to the instruction, defendant failed particularly to specify the grounds in support thereof in its post trial motion. (Ill. Rev. Stat. 1969, ch. 110, par. 68.1(2). *Enloe v. Kirkwood,* 120 Ill.App.2d 117, 122, 256 N.E.2d 459; *McEwen v. Walsh,* 96 Ill.App.2d 326, 330—331, 238 N.E.2d 616.) Defendant's only contention regarding Instruction No. 11 in its post trial motion was that it "defined the issues in the case erroneously." Under these circumstances, none of the objections raised by defendant regarding plaintiff's Instruction No. 11 have been properly preserved for review. The same compelling reason prevents us from considering defendant's contention, raised for the first time in this court, that the issues instruction did not include a reference to proof of proximate cause.

We have, however, for complete certainty, examined the record, including all of the instructions as a series. The omission of reference to proximate cause is cured by plaintiff's Instruction No. 10 defining this term (IPI 15.01) and plaintiff's Instruction No. 13 on burden of proof on the issues (IPI 21.02). (See *Culp v. Olive,* 45 Ill.App.2d 396, 195 N.E.2d 729.) We find the various subparagraphs of the issues instruction to be proper, particularly in the light of the conclusions set forth in other portions of this opinion.

The judgment is affirmed.

Judgment affirmed.

BURKE and LYONS, JJ., concur.